[Crim. No. 2915. In Bank.—October 16, 1926.]

## THE PEOPLE, etc., Respondents, v. THOMAS RYAN, Appellant.

[1] CRIMINAL LAW—EXTORTION—ALIBI—EVIDENCE.—In a prosecution for extortion alleged to have been committed by the defendant and another person, where the defendant and the other person denied being at the place where it was alleged the extortion was committed, there was no prejudicial error in refusing to admit in evidence a so-called "Citation Slip," or written notice to appear in court to answer a charge of speeding an automobile which said two parties claimed the latter served on a third person at the precise time the extortion was alleged to have been committed on a boulevard miles away from said place, where after the exclusion of said evidence the entire contents of the original of the "Citation Slips" was read to the jury without objection.

[2] ID.—MISCONDUCT—COMMENT ON EVIDENCE.—In such a case the comment of the court, in excluding said "Citation Slips" from evidence, in effect, that the defendant, if he was going out on the line of work charged against him might issue and file said certificates, anticipating just such an instance as the present one, did not constitute prejudicial error, where the court immediately, upon objection of defendant, disavowed any intention to criticise defendant's action or evidence, and immediately directed the jury to disregard its remarks.

[3] ID.—EVIDENCE—REBUTTAL.—In such a case, where a witness for the defense, in order to fix the time that he stated he stopped and cited a person for speeding on the highway, testified that while he was driving on the highway on the night of the alleged extortion he saw an advertising sign eight or ten feet from the edge of the concrete highway, on which it was stated that the distance to the city he was going to was a certain number of miles and that he then looked at his watch and ascertained the hour, it was proper on rebuttal to allow evidence that there was no sign along that strip of highway within the line of its width, nor otherwise than beyond the fence line and on private property, that the width of the roadway was 110 feet between its fence lines, the concrete highway twenty-five feet wide along

---

1.  See 8 Cal. Jur. 619.
2.  See 8 Cal. Jur. 612.

the center of the roadway and that it was about forty feet from the edge of such highway to the fence line on either side.

[4] ID.—MISCONDUCT—COMMENT ON WITNESS BY DISTRICT ATTORNEY. In such a case, where the testimony of such witness was weakened or rendered improbable by the proper admission of said rebuttal evidence, the district attorney had the right in argument to draw his own inferences and attack said witness for his asserted untruthfulness, and his action in that regard was not prejudicial misconduct.

[5] ID.—EVIDENCE—PROPER EXCLUSION OF.—In such a case, where a witness for the defendant offered in aid of defendant's alibi had testified that on one occasion he was with the person who was alleged to have participated in the charge on trial when the latter overhauled the driver of an automobile on the highway, it was not error to deny defendant's counsel the right to lead the witness in more definitely fixing the date of the occurrence.

[6] ID.—CROSS-EXAMINATION OF DEFENDANT—OTHER OFFENSES—MISCONDUCT.—In such a case, the district attorney was not guilty of misconduct in attempting to get from defendant when upon the witness-stand an admission that he raided a certain place other than the one involved in the charge on trial and obtained from the owner a certain amount of money for the alleged purpose of quashing a prosecution against him upon the charge of violating the prohibition law, nor was the court guilty of misconduct, when sustaining objection of defendant's counsel to the question, in stating that he had no doubt about the good faith of counsel on either side.

[7] ID.—EVIDENCE—CROSS-EXAMINATION OF DEFENDANT.—Where the prosecuting witness testified that when the defendant and his companion demanded a certain sum of money from him he pleaded his poverty, due, among other things, to the expense of an operation for appendicitis on members of his family, and stated that defendant replied that he had an operation for appendicitis and showed the scar from the operation, there was no error in asking the defendant upon cross-examination about the alleged conversation and whether he had exhibited a scar to the complaining witness, the defendant having denied having been at the place where the extortion was alleged to have been committed and having denied any conversation with the complaining witness there or elsewhere.

4. See 8 Cal. Jur. 263.

[8] ID.—COMMENTS UPON TESTIMONY—MISCONDUCT.—There was no misconduct on the part of the district attorney in commenting upon such evidence in his argument, in view of the fact that the evidence was properly admissible on cross-examination.

(1) 16 C. J., p. 636, n. 33; 17 C. J., p. 333, n. 95, p. 335, n. 13. (2) 17 C. J., p. 296, n. 99.　(3) 16 C. J., p. 867, n. 25.　(4) 16 C. J., p. 900, n. 19; 17 C. J., p. 297, n. 20.　(5) 40 Cyc., p. 2422, n. 97. (6) 16 C. J., p. 831, n. 74, p. 893, n. 7.　(7) 40 Cyc., p. 2507, n. 17, p. 2510, n. 29, p. 2553, n. 28.　(8) 16 C. J., p. 896, n. 85.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. Luke Howe, Markham Johnston, J. R. Hughes, Howe, Hibbitt & Johnston and Hughes, Bradford, Cross & Prior for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This appeal is prosecuted by the defendant from a judgment of conviction upon the charge of extortion. The defendant was accused in separate indictments of two offenses in the nature of extortion committed upon two Japanese persons, one being named Takeuchi and the other Watanabe. Upon the trial the two charges were consolidated and tried together with the result that the defendant was convicted in the Takeuchi case and acquitted in the Watanabe case. The defendant and appellant herein assigns several grounds upon which' he bases his contention that the judgment and also the order denying a new trial herein should be reversed.　[1]　The first of these relates to an alleged error of the trial court in refusing to admit in evidence certain so-called ''Citation Slips'' offered by or on behalf of the defendant in connection with the testimony of certain witnesses for the defendant in order to establish the defense of an alibi which the defendant had presented and testified to upon the trial. The evidence offered by the

8.　See 8 Cal. Jur. 263.

prosecution and testified to by the prosecuting witness Takeuchi and others was to the effect that the defendant accompanied by one Owen Davies and representing themselves to be prohibition enforcement officers had presented themselves at the home of Takeuchi on the night of July 11, 1925, and threatened to arrest the latter upon the charge of the unlawful manufacture of intoxicating liquor and demanded of him the sum of three hundred dollars in order to avoid arrest, and that finally, after some conversation, the sum of two hundred dollars was paid over to the defendant and said Davies for such purpose and under the compulsion of such threat of arrest. Both the defendant and said Davies denied being at the home of said Japanese at said time or at all, and in support of said denial testified that at the precise time they were together at a point on the Stockton boulevard several miles away and where Davies had overhauled an automobile driver named Eric Hebbe upon a charge of speeding and when Davies had given the latter a "Citation Slip" or written notice to appear in court to answer to said charge. The witness Hebbe testified to the fact that he had been presented with such a paper by Davies at or about said time and place and identified the original of said "slip." The defendant thereupon offered the original of said "Citation Slip" in evidence and also offered a carbon copy thereof which Davies testified had been transmitted by him to the office of the Motor Vehicle Department, and which the chief inspector of said department had produced at the trial from the record thereof. The trial court refused to admit in evidence these documents and its refusal so to do is assigned by the appellant herein as error. It appeared affirmatively that there was nothing upon the face of said citation slips which would serve to fix or otherwise identify the time at which the original of them was delivered by Davies to the witness Hebbe. It is not contended by the appellant that either the original or the carbon copy of the citation slip handed by Davies to Hebbe was an official record of any sort or that they were documents which were of such character as to render them or either of them admissible in evidence under any express statute. They had fully subserved their purpose when they had been produced and exhibited to the court and jury in connection with the testimony of these two witnesses for the defendant. Their

content otherwise was immaterial and could amount to no
more than the unsworn and self-serving statement of the
witness Davies who had prepared them. Besides, at a later
point in the testimony of said witness Davies he read the
entire contents of the original of these ''Citation Slips'' to
the jury without objection. It thus clearly appears that the
defendant suffered no injury from the exclusion as such of
these ''Citation Slips'' when the same were tendered in evi-
dence by him and hence that their exclusion does not afford
sufficient ground for a reversal of this cause. [2] It was in
connection with the offer of said ''Citation Slips'' in evi-
dence that certain proceedings took place upon which the
appellant predicates his second assignment of error. The
trial court in ruling upon the admission of these documents
and during the colloquy between court and counsel at the
time of such ruling indulged in certain remarks, viz.:
''Unless it is made by law, the records of the office, *prima
facie* evidence of the facts stated therein, and stands as proof
of the facts stated in the certificate until the contrary was
established, or unless it is required by law, such a record to
be kept, it would not be admissible; it would be merely a
self-serving statement or declaration. The defendant, if he
was going out on this line of work, might go out and just
issue those certificates, showing them to the Motor Vehicle
Department, and file them the next day, and whenever it
was filed,—I don't think there is even anything said about
the date that even it was filed, but they could prepare
these certificates, and file them, just for the,—anticipating
just such an instance as this.'' Counsel for the defendant
objected to the foregoing remarks of the judge and assigned
the same as error, whereupon the court said: ''Well, the
court will instruct the jury that the court does not in any
way assume that that was the fact in this case, and doesn't
say it was or it was not. It has no knowledge upon the
subject, or information, in any way, shape or form, or man-
ner, and what was said by the court was merely said for the
purpose of illustrating the inadmissibility of such a docu-
ment in evidence, and the court will instruct the jury that
they are not to consider the remark of the court in any way
as bearing upon the credibility of any of the testimony, but
merely on the—for the legal admissibility of such a docu-
ment.'' Counsel for the defendant did not request any other

or further instruction or other action on the part of the court, but still insist that the remarks of the trial judge constituted prejudicial misconduct and reversible error. We cannot agree with this contention. The prompt disavowal on the part of the trial judge of any intention to criticise the defendant's action or evidence or to reflect upon the credibility of the testimony offered, and the immediate direction, of its own motion, to the jury to disregard its remarks would, we think, have the effect of entirely removing from the minds of the members of the jury any impression discreditable to the defendant or his witnesses with respect to the foregoing episode.

[3] The appellant's next contention has reference to the alleged error of the trial court in permitting the introduction of certain evidence in rebuttal bearing upon and to a degree contradicting certain testimony given by the witness Hebbe. The said witness in the course of an attempt to fix the time when he had been stopped and cited for speeding by Davies and the appellant, testified that while he had been driving along the Stockton boulevard at about 11 o'clock on the night of the alleged extortion, and while passing an automobile going in the same direction, the lights of his machine had shone on the advertising sign of a certain hotel in Stockton which was upon the edge of the highway, and which contained the words "38 miles to Stockton" and that he then looked at his watch and found that it was the hour of 11 o'clock P. M., and that since he was anxious to reach Stockton by 12 P. M. he had speeded up to the extent that caused his detention by Davies a few moments later. He stated that said sign was eight or ten feet from the edge of the concrete highway. The prosecution in rebuttal produced a witness named Nash who was chief draftsman for the Highway Commission in that particular division and who was permitted to testify, over the defendant's objection, that there were no signs along that strip of highway within the line of its width nor otherwise than beyond the fence line and on private property; that the width of the roadway at that point was about 110 feet between its fence lines; that the concrete highway, twenty-five feet wide, lay along the center of the roadway, and that it was about forty feet from the edge of such highway to the fence line on either side. The purpose of this evidence was to cast doubt upon

the credibility of the witness Hebbe, and we think such evidence was admissible in rebuttal for such purpose. To illustrate, if the people had offered evidence in rebuttal which showed that there was no such sign as that to which the said witness had testified, such evidence would undoubtedly be admissible since it would tend strongly to show that the witness had not been led by the observance of such a sign to look at his timepiece when he said he did. The evidence which was offered, while it did not· go to that extent, tended in some degree at least to show that such sign, if it existed, was outside of his line of vision at that place and time. It would thus, by the same reasoning, be admissible, though less cogent than testimony as to the entire absence of such a sign might be; but its comparative weight would be a matter for the jury, and hence we are satisfied that the trial court was not in error in admitting such testimony.

[4] The appellant's next contention grows out of the one just disposed of, since he charges the district attorney with prejudicial misconduct committed while commenting upon the testimony of the witness Hebbe in the course of which he very bitterly assailed said witness for his asserted untruthfulness in his testimony respecting said sign. But if, as we have seen, his testimony upon that subject was weakened or rendered improbable by the proper admission of the rebuttal evidence above adverted to, the district attorney had the right in argument to draw his own inferences, within the bounds of reason, as to the extent to which the testimony of Hebbe had been thereby rendered unworthy of belief. Besides, an examination of the record which embraces the district attorney's address to the jury discloses that while counsel for the defendant did upon various occasions interrupt such address with charges and assignments of misconduct, no such interruption, charge or assignment occurred with respect to the comment of the district attorney upon Hebbe's testimony either during or after his discussion of that phase of the case. We therefore consider appellant's assignment of misconduct on the part of the prosecuting officer to be without merit.

[5] The appellant's next contention is that the trial court was in error in excluding the testimony of the witness Schmidt offered on behalf of the defendant. The testimony of said witness was offered in aid of the defendant's alibi.

An examination of the record shows that the strictures which the appellant makes upon the action of the trial court with respect to said witness and his testimony are not justified. The witness was permitted to testify that on one occasion he was with the witness Davies when he overhauled the driver of a closed car upon the Stockton highway, but the witness was apparently unable to fix the date when such an episode occurred and the rulings of the court were evidently directed against the abortive effort of counsel for the defendant to lead the witness up to the point of a more definite fixation of the date of its occurrence than he was able to make.

[6] The appellant's next grievance is over the alleged misconduct of the district attorney evinced in his somewhat persistent attempt to get from the defendant when upon the witness-stand an admission that he raided the place of a man named Cartiselli in 1924 and obtained from him the sum of $300 for the alleged purpose of quashing a prosecution against him upon a charge of violating the prohibition laws. The contention of the prosecuting officer was that he was entitled to ask the question showing intent as a basis for the defendant's impeachment. There was considerable argument over the matter, but the trial court sustained the objection to the question. In doing so the court said: "I haven't any doubt about the good faith of counsel on either side but the court has ruled that it is not admissible in evidence." The appellant urges that the district attorney was guilty of misconduct in attempting to get before the jury evidence of a prior crime of extortion which he knew was not admissible. The entire discussion as given in the record shows, we think, that the prosecuting officer was actuated by good faith in his inquiry and was relying upon a recent case in the California Reports, which he cited to the court, as sustaining his position and as evidence of his good faith. We do not find sufficient in the record to justify the charge of misconduct; nor do we think that the comment of the court acquitting counsel for both sides in a somewhat heated and at times turbulent trial, of bad faith, was sufficiently partial or improper as to constitute misconduct on the part of the court. Counsel for the appellant cites the case of *People* v. *Frank*, 71 Cal. App. 575 [236 Pac. 189], as sustaining his contention in this regard; but in that case the

objectionable comment of the court which was held to constitute misconduct consisted in commendatory remarks made by the court and concurred in by the district attorney concerning the "high standing" of certain important witnesses for the prosecution, and which would be a manifest interference with the province of the jury as applied to witnesses in a case before it. There is no parallel between that case and the instant one; besides, the record fails to disclose that objection to the court's expression was made at the time, nor was there any assignment of misconduct in that particular made at any time during the trial of the cause. The appellant's present contention has, therefore, no merit.

[7] The final contention urged by appellant is that the trial court committed prejudicial error in the admission in rebuttal of certain evidence offered in impeachment of the defendant as a witness in his own behalf. The facts were these: When the prosecuting witness, Takeuchi, was upon the stand and was telling the story of the alleged extortion he stated that when the defendant Ryan and his companion Davies demanded of him the sum of $300 he pleaded his poverty, due to the fact, among others, that he had been at large expense for operations for appendicitis performed upon his wife and boy, whereupon as he stated, Ryan replied that he also had had an operation for appendicitis a short time previously, and unbuttoned his clothes and showed him the scar caused by the operation. When Ryan was called as a witness in his own behalf he denied utterly having ever been at the home of the Japanese or having ever had such a conversation or any conversation whatever with him there or elsewhere. Upon cross-examination he was asked certain questions bearing upon this particular part of the alleged conversation and in that connection was asked whether he had then and there exhibited to the Japanese a scar. He denied having done so or having had any conversation relating to a scar of any kind. He was then asked upon such cross-examination whether he had in fact undergone such an operation and had such a scar. This was objected to as not proper cross-examination and as beyond the scope of the defendant's examination in chief and in violation of the provisions of section 1323 of the Penal Code and in contravention of section 13 of article I of the constitution, in each

of which it is provided that ''a defendant in a criminal case cannot be compelled to be a witness against himself.'' The section of the Penal Code above referred to contains, however, the additional provision: ''But if he offers himself as a witness he may be cross-examined by the counsel for the people as to all matters about which he was examined in chief. The defendant, as a witness in his own behalf, was examined in chief as to his presence at any time in the home of Takeuchi and as to whether he had ever held any conversation with him there. He denied that he had ever seen the latter or any member of his family prior to his trial. He further undertook to establish an alibi by testifying that he was elsewhere at the time of said alleged visit and conversation. Upon the credence to be given by the jury to the defendant's denial of his presence in the home of the Japanese and to the holding of the incriminating conversation to which the latter had testified depended the defendant's acquittal or conviction in the case. The episode of the existence and exhibition of the scar to which the prosecuting witness had testified as occurring in the course and as a part of such conversation was of such a nature that the said witness would not in all reasonable probability have known of except from the lips and acts of the defendant at the time. Whether or not, therefore, the defendant had had such an operation and possessed such a scar would be a very significant circumstance for the jury to consider in drawing its inferences and conclusions as to the truth or falsity of the defendant's testimony wherein as a witness in chief he had denied *in toto* the truth of the story told by the prosecuting witness and which included his alleged statement as to the fact of the operation and presence and exhibition of the scar. It was, therefore, clearly within the proper scope of cross-examination under the provisions of the Penal Code above quoted. (*People* v. *Rozelle,* 78 Cal. 84 [20 Pac. 36] ; *People* v. *Mullings,* 83 Cal. 138 [17 Am. St. Rep. 223, 23 Pac. 229], *People* v. *Soeder,* 150 Cal. 12 [87 Pac. 1016].)

[8] The final objection made by the appellant to the comments of the district attorney upon the foregoing testimony in his argument fails, in the presence of our ruling that such matter was admissible as within the proper scope of cross-examination and, hence, of comment on the part of the prosecuting attorney. We do not find that the latter

went beyond the scope of legitimate argument as to the inferences to be drawn by the jury from the defendant's admission as to the performance of the operation and existence of the scar.

The judgment and order are affirmed.

Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.