[Crim. No. 2706.    Third Dist.    Feb. 20, 1957.]

THE PEOPLE, Respondent, v. THOMAS FLORES SANCHEZ, Appellant.

Harlan M. Thompson, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and J. M. Sanderson, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—The appellant was convicted of robbery in the second degree. He appeals from the judgment and from a purported order denying a motion for a new trial.

The purported appeal from an order denying a motion for a new trial must be dismissed since the record reveals that no such order was made, nor does it appear that the appellant made such a motion.

On November 26, 1955, Zois Trilivas was residing in a hotel in the city of Sacramento. Between 8 and 8:30 p. m. on the evening of that day he left his hotel room and went downstairs to the El Toro Bar, where he met Sanchez, the appellant. After having two small beers, Trilivas was engaged in conversation by appellant, and they had a beer together. Trilivas paid for his own beer, and at that time appellant observed the amount of money in Trilivas' wallet, some $750. Appellant then told Trilivas that he had a couple of girls, and they left the bar and entered appellant's car. Appellant then picked up the two girls, and the four went to another bar, where they remained drinking and dancing for two or three hours.

Sometime after midnight, appellant, Trilivas and the two girls drove to Land Park and parked. Appellant then got out of the car with one of the girls, and the victim remained in the car with Amelia Ortega, the other girl. After some conversation regarding an act of prostitution Amelia Ortega

*Assigned by Chairman of Judicial Council.

yelled to appellant who came over and pulled Trilivas from the car. Appellant and the two girls then beat Trilivas severely around the head and groin and took Trilivas' wallet containing his money. Appellant and the two girls then drove off. Trilivas was later found in the park by the police and taken to the emergency hospital.

Appellant's defense was that of an alibi; he and his brother and a bartender from the Gold Trail Bar in Reno, Nevada, testified that the appellant was in Reno at the time of the robbery. In rebuttal, the owner of the El Toro Bar and a woman employee thereof testified that appellant was in Sacramento at the El Toro Bar between 8 and 9 o'clock on the evening of November 26, 1955, and that appellant left the bar with Trilivas. Trilivas identified Sanchez as the man who robbed him.

Appellant claims two errors. The first is that the alibi instruction given by the court in lieu of one offered by appellant was erroneous because the court did not include in the instruction a definite and specific statement covering the burden of proof applicable to the defense of alibi. The rejected instruction read in part as follows: ". . . the burden of proving the presence of the defendant at the time and place of the alleged crime devolves upon the prosecution, and the prosecution must prove beyond a reasonable doubt that he was present at the time of the alleged commission of the offense. It does not devolve upon the defendant to prove that he was not present. . . ."

In lieu thereof the court instructed: "The defendant . . . in this case has introduced evidence to prove that he was not present at the time and place of the commission of the alleged offense, for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether or not the defendant was present at the time the crime was committed, he is entitled to an acquittal." Appellant's contention is without merit. The identical instruction on alibi was approved in *People* v. *Shaw,* 115 Cal.App.2d 597, 603 [252 P.2d 670]. In that case the defendant requested an instruction on the subject of alibi very similar to the one requested by appellant in the instant case. In that case the trial court refused the defendant's requested instruction and gave the exact instruction as given in the case at bar. The appellate court answered Shaw's claim thus:

"Shaw claims the court's instruction could have misled the

jury into believing that the defendants had the burden of proving their asserted alibi beyond a reasonable doubt.

"The point is not well taken. The instruction given is not susceptible of such an interpretation. It simply told the jury that if their consideration of all the evidence left them with a reasonable doubt as to the defendants' presence, they must acquit. That was an accurate and clearly understandable statement of the applicable provision of the law. [Citing cases.]"

The holding in the Shaw case has been approved in *People* v. *Jordan*, 45 Cal.2d 697, 706 [290 P.2d 484].

Defendant's second contention is that the district attorney was guilty of prejudicial misconduct in his argument to the jury. There is no merit in said contention. The district attorney's reference to the fact that one of the witnesses was from Reno, that his expenses were being paid by the defendant, and that no mention of this witness was made at the preliminary hearing, were all based upon the record in the case and are matters which the district attorney could properly comment on.

The statements: "you have a patched up story from the defendant" and "I don't think much more need be said about Mr. Tessler," amount to no more than fair comment as to the credibility of the defense witness whose testimony was impeached by proper rebuttal evidence. (*People* v. *Ryan*, 199 Cal. 513 [250 P. 164]; *People* v. *Reznick*, 75 Cal. App.2d 832 [171 P.2d 952].)

The record reveals that at the time the remarks were made, the defendant did not object to or assign them as error, or ask that they be stricken, or ask that the jury be instructed to disregard them. Appellant is, therefore, precluded from now urging this contention for the first time. (*People* v. *Simpson*, 43 Cal.2d 553 [275 P.2d 31]; *People* v. *Sutic*, 41 Cal.2d 483 [261 P.2d 241]; *People* v. *Hampton*, 47 Cal.2d 239 [302 P.2d 300].)

In deference to counsel appearing for defendant on this appeal, we feel we should state that he was not defendant's attorney at the trial, nor did he prepare the notice of appeal. Defendant himself appealed, and, at his request, this court appointed counsel to appear for him.

The purported appeal from an order denying a motion for a new trial is dismissed, and the judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.