[Crim. No. 2689.   Third Dist.   Mar. 6, 1957.]

THE PEOPLE, Respondent, v. WILLIAM CARTER, Appellant.

William Carter, in pro. per., and Max H. Hoseit, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and James M. Sanderson, Deputy Attorney General, for Respondent.

PEEK, J.—The defendant appeals from a judgment entered upon the jury's verdict finding him guilty of a violation of section 4501 of the Penal Code.  Upon defend-

ant's request, Attorney Max H. Hoseit was appointed by this court to represent him on appeal. Mr. Hoseit has now reported to the court that the record discloses substantial evidence to support the verdict of the jury and that he finds no error therein. The defendant, however, not being satisfied with the advice of counsel, has filed with the court a document which he denominates his brief on appeal. By reason of the circumstances, this court has made an independent study of the record. It is our conclusion that there is no merit in defendant's contentions which are essentially that the evidence is insufficient to support the verdict; that the court erred in the admission of certain exhibits into evidence; that he was denied a speedy trial; that the district attorney committed prejudicial misconduct in his argument to the jury; and that his constitutional rights were violated in that no Negroes were impaneled on the jury. Other contentions are made, but since none of the matters concerning which defendant complains appear in the record before us, they cannot be considered on appeal.

On September 13, 1955, one Thompson, an inmate of Folsom State Prison, was working at his job in the mattress room. His duties included taking linens from the laundry and transporting them back to the mattress room where they would be segregated for distribution to various parts of the prison. At about 9 a. m. on that date, as Thompson was returning to the mattress room from the laundry along the corridor separating that room from the education building, he was attacked by three inmates, Clifford Jefferson, Willie Williams and the defendant. Jefferson and the defendant had crude knives. Thompson was stabbed numerous times about the arms, chest, back and the left hand. Officer Burlson, upon observing the fight, ran towards the men and as he did so Carter and Jefferson ran past him into the education building and up to a small balcony. Burlson followed them and found Carter sitting at one of the desks in a classroom opening off of the balcony. Jefferson was found in a nearby typing room. Thereafter a search was made of the education building, and a knife was found in the room where Carter was apprehended by Burlson. There was a moist, red substance on the handle of the knife. A second knife was found under a water cooler in the same building, and its handle was likewise smeared with a red substance. Defendant testified in his own behalf and denied having made any assault upon Thompson. He admitted being in the corridor where

the assault took place but testified he did not see Thompson until their struggle outside of the education building when Thompson accused him of being one of his attackers. He also testified he had not been upstairs in the education building and that no guard spoke to him before he was struck by Thompson. Several inmates testified on behalf of the defendant. Their testimony, however, did nothing more than create a conflict in the evidence.

Disregarding all conflicts, there was positive identification of defendant by Thompson as one of the men who cut him with a knife and testimony by guard Burlson that defendant was one of those who engaged in the attack upon Thompson. We find no error in the admissibility into evidence of the two knives and of a picture of the cabinet behind which one knife was found which showed a blood spot on the wall above it. The knives were identified by Thompson as being similar to those used in the assault upon him; one of the knives was found immediately after the assault in the same room where defendant was apprehended; and hence they were properly admitted into evidence.

Defendant's contention that he was denied a speedy trial is also without merit. The record shows that he personally agreed to the original trial date, and thereafter waived time for trial. Moreover no question in this regard was raised in the trial court, and hence he thereby waived the benefit of the provisions he now relies upon. (*People* v. *Villarico*, 140 Cal.App.2d 233, 235 [295 P.2d 76].)

We find nothing in the record concerning the remarks of the district attorney to support defendant's contention of misconduct. It is contended that the district attorney read statements of one Williams which were not in evidence; however, the record reveals that at no time did the district attorney read or refer to any purported statement of Williams. Nor do we find where the district attorney misquoted the testimony of guard Burlson.

It is the further contention of defendant that he was deprived of a fair and impartial trial because no Negroes were impaneled on the jury. Again, no question in this regard was raised at the time of trial. (*People* v. *Shannon*, 203 Cal. 139 [263 P. 522].) The lack of Negroes on a jury does not violate a defendant's rights in the absence of a showing that qualified Negroes were deliberately and systematically excluded. (*People* v. *Hines*, 12 Cal.2d 535 [86 P.2d 92] ; *People* v. *Jackson*, 88 Cal.App.2d 747 [199 P.2d 322].)

The remaining contentions made by defendant all refer to matters wholly outside of the record on appeal, and hence may not be considered now by this court.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.