[Crim. No. 3827.   First Dist., Div. One.   Oct. 2, 1961.]

THE PEOPLE, Respondent, v. WILLIAM JOHNSON,
Appellant.

John J. Mullane, Jr., under appointment by the District
Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John
L. Burton, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant appeals from a judgment of con-
viction, after jury trial, of: (1) violation of section 261 of the
Penal Code (rape) ; (2) violation of section 288a (sex perver-

sion); (3) violation of section 211 of the Penal Code (robbery); and (4) violation of section 245 of the Penal Code (assault with a deadly weapon).*

## QUESTION PRESENTED

The sole question presented relates to defendant's conviction under count 4 of assault with a deadly weapon. The prosecutrix in the first three counts is a different person from the prosecutrix in the fourth count, who is Mrs. Higgins. It is contended that the testimony of Kathleen Brian was inadmissible as not showing an offense similar to the one charged.

## EVIDENCE

As no contention is raised as to the sufficiency of the evidence under the first three counts, and as it proves acts of great depravity and degradation, the evidence relating to the first three counts will not be related.

The fourth count deals with a conviction different from the one in the other three counts.

On October 10th about 2:30 a. m. Mrs. Higgins was returning home in her car from work. She noticed a car following hers. Parking her car near her home, she saw the other car parking nearby, and then saw a man, whom she identified as defendant, walking toward her car. She locked the doors, remaining inside. The man approached and asked her some street names. She started to open the window to hear him more clearly. As she did so defendant grabbed the window. Defendant told her that he had a gun and that she had better open the door. Mrs. Higgins began to honk her horn, hoping to attract attention. Defendant ran back to his car, started it, and drove it alongside her car. He then pointed a gun at her and told her to open the door. She slipped under the dashboard onto the floor, honking the horn all the while. On looking up a few moments later she found that defendant had gone.

The following Tuesday, while driving to work with her husband, Mrs. Higgins saw defendant's car; it was a two-toned reddish orange and white one, and hence easily recognizable. Mr. Higgins took the license number and reported it to police. Defendant was arrested and later released on bail. Mrs. Higgins identified him in a lineup of five men.

At the trial, over objection, Miss Brian gave testimony which the court expressly limited to the fourth count. She

---

*He admitted a prior conviction of assault with a deadly weapon.

stated that on November 23d while walking down Sixth Avenue she saw a 1953 orange and cream Oldsmobile parked across the street from her house. A man, whom she identified as defendant, got out of the car and walked over to her doorway, which is in an alleyway. Defendant asked her what street they were on, stating that he was to have met a person at that address who had had an accident with his car. He said " '. . . you can't trust anybody. And these murders go on, robberies.' " He then said, " 'For instance, suppose anybody should accost you in that alleyway there, you wouldn't get hurt. You can't really blame anybody.' " Miss Brian started to turn. He grabbed her shoulder and said that he wanted her money. She told him that he was not going to have her money, and that she was going to report him to the police, that the police station was just down the street. Defendant then crossed the street and got in his car. Miss Brian went to the police station, reported what had happened and pointed out his car. The police followed defendant's car. They lost sight of it for a minute or two. They then saw it parked on the street. As they drove past it, defendant ducked his head. Upon questioning by the officers, defendant said he was in that area because he was going to visit his uncle, who lived nearby. However, he did not know the address and could not point out the house.

### ADMISSIBILITY OF MISS BRIAN'S TESTIMONY

■ It is well settled that evidence of other criminal acts may be introduced into evidence if it shows a common scheme or plan. " 'It is true that in trying a person charged with one offense it is ordinarily inadmissible to offer proof of another and distinct offense, but this is only because the proof of a distinct offense has ordinarily no tendency to establish the offense charged. But whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible, and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion.' . . . When a defendant's conduct in connection with the previous crime bears such similarity in significant respects to his conduct in connection with the crime charged as naturally to be explained as caused by a general plan, the similarity is not merely coincidental, but indicates that the conduct was directed by design." (*People* v. *Peete* (1946), 28 Cal.2d 306, 315, 317 [169 P.2d 924].)

We said in *People* v. *Gregor* (1956), 141 Cal.App.2d 711

[297 P.2d 734] : "Of course, evidence of other crimes is admissible to show a common pattern, plan or scheme, or where such evidence helps to show motive, intent, premeditation, guilty knowledge or malice." (P. 717.) (See *People* v. *Coefield* (1951), 37 Cal.2d 865, 870 [236 P.2d 570] ; *People* v. *Cavanaugh* (1955), 44 Cal.2d 252, 265 [282 P.2d 53].)

The evidence here showed a common design by defendant of accosting women under the guise of inquiring about streets. The pattern used in connection with Miss Brian was similar to that used in connection with Mrs. Higgins, and plus the demand for money from Miss Brian, logically tends to show a *modus operandi* used by defendant to obtain money from women. The fact that the charge against defendant by Miss Brian was dropped does not make the evidence inadmissible. As said in *People* v. *Lancaster* (1957), 148 Cal.App.2d 187, 194 [306 P.2d 626], concerning evidence of a prior offense of which the defendant had been acquitted, such fact "does not require exclusion of evidence regarding it for the purpose of showing common plan or design, 'although the force of the evidence may be thereby weakened.' "

The court instructed that Miss Brian's testimony was admitted only in connection with the charge in count 4, "for whatever weight it has, if any. You are to determine that yourselves. . . ." As said in *People* v. *Grimes* (1952), 113 Cal.App.2d 365, 371 [248 P.2d 130] where the court instructed that evidence of similar offenses was admitted for the limited purpose of showing a general pattern, scheme or plan, it will be presumed that the jurors were true to their oaths and followed the instructions.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.