[Crim. No. 4250. First Dist., Div. Three. June 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MONROE RENCHIE, JR., Defendant and Appellant.

E. John Erickson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Edward P. O'Brien and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The appellant was charged with four violations of Penal Code section 211 (robbery) and also with a prior felony conviction (robbery). His defense was an alibi. He was convicted on all charges, but on appeal the judgment was reversed. (See *People* v. *Renchie,* 201 Cal.App. 2d 1 [19 Cal.Rptr. 734].) On retrial appellant was again found guilty and now presents this appeal from his second conviction.

The trial court permitted the introduction of evidence showing in detail the facts surrounding the prior robberies for which appellant had been convicted. This evidence was offered by the prosecution for the purpose of showing similarity of plan, method and *modus operandi* of the appellant in the commission of the former robberies, and for its relevancy on the issue of identity. The introduction of this evidence presents the principal issue on this appeal.

At appellant's first trial, evidence of his prior conviction was received solely for purposes of impeachment. We held it to be prejudicial error therefore for the prosecution in argument to attempt to convert this evidence, received for a limited purpose only, into substantive evidence of guilt. (*People* v. *Renchie, supra,* at p. 6.) There the prosecution did not offer to show any similarity between the facts of the prior robberies and the robberies with which appellant was charged, nor was the trial judge called upon to make any ruling concerning the admissibility of the evidence for any purpose other than impeachment. On appellant's second trial when the prosecution announced it would offer evidence of prior offenses, the trial judge very properly dismissed the jury and conducted all further proceedings relating to the admissibility of this evidence in chambers. There the court and appellant were informed of the nature of the evidence and its purpose. There was extended argument of counsel, and after the question had been fully explored the trial judge ruled the evidence admissible. We find the ruling correct.

It is the rule that evidence of other crimes is not admissible where its sole purpose and effect is to show bad moral character or a disposition to commit crimes. (*People* v. *Peete,* 28 Cal.2d 306, 314-315 [169 P.2d 924]; *People* v. *McMonigle,* 29 Cal.2d 730, 742 [177 P.2d 745]; Witkin, Cal. Evidence,

§ 136, p. 158.) ■ If the evidence is relevant, however, it is not to be excluded because it reveals the commission of an offense other than that charged. (*People* v. *Peete, supra.*) ■ The test of admissibility is: " ' . . . does it tend logically, naturally, and by reasonable inference, to establish any fact material for the people, or to overcome any material matter sought to be proved by the defense? If it does, then it is admissible, whether it embraces the commission of another crime or does not, whether the other crime be similar in kind or not, whether it be part of a single design or not.' " (*People* v. *Peete, supra.*) (See also *People* v. *McCaughan,* 49 Cal.2d 409, 421-422 [317 P.2d 974]; *People* v *Zankich,* 189 Cal.App.2d 54, 62-63 [11 Cal.Rptr. 115].) ■ Here an essential fact for the prosecution to establish was the identity of the appellant as the person who committed the robberies charged. The offered evidence was relevant upon that issue. The evidence of appellant's prior robberies disclosed a plan, pattern and *modus operandi* similar in many respects to the plan, pattern and *modus operandi* used in the robberies charged. In the prior robberies and in the robberies charged, retail establishments were robbed; the prior offense involved two liquor stores and two grocery stores; the charged offense involved two liquor stores, a hot dog stand and a customer in the hot dog stand. The technique used in all of the robberies was similar, and involved entry, a request for service in the purchase of merchandise, and while being served, a gun presented and demand made for the contents of the cash register. In the prior offense appellant took merchandise as he left the various stores—beer, gum, potato chips. In the charged offense the robber departed with whiskey, cigarettes and food. ■ Whether the facts of the prior robberies were similar and had sufficient common features with the offense for which appellant was on trial so as to satisfy the test for the admission of such evidence is primarily a question for the trial court. (*People* v. *McCarty,* 164 Cal.App.2d 322, 326 [330 P.2d 484]; *People* v. *Roach,* 148 Cal.App.2d 364, 368 [306 P.2d 523]; *People* v. *Grimes,* 113 Cal.App.2d 365, 371 [248 P.2d 130].) ■ Of course, there were factual differences in the various robberies, but for the evidence to be admissible, it was unnecessary to prove that the prior robberies were identical in every detail with the crime charged. (*People* v. *Fowler,* 119 Cal.App.2d 657, 662 [260 P.2d 89]; *People* v. *MacEwing,* 216 Cal.App.2d 33, 48, 49 [30 Cal.Rptr. 476].)

Appellant also complains that, in cross-examination, the prosecutor was permitted to exceed the scope of direct examination, to appellant's prejudice. We find no merit in this contention. The cross-examination revealed details of prior robberies of which appellant had been convicted, being the same robberies, claimed to be similar in nature to the offense charged, and of which the prosecution had previously presented evidence. It is the general rule that the scope of cross-examination is confined to the field of direct examination (Witkin, Cal. Evidence, pp. 674, 675.) Nevertheless, where, as here, a defendant takes the stand and makes a general denial of the crime charged, the scope of cross-examination is very wide. (*People* v. *Zerillo,* 36 Cal.2d 222, 228 [223 P.2d 223]; *People* v. *Tarantino,* 45 Cal.2d 590, 599 [290 P.2d 505].) In *People* v. *Aquilante,* 208 Cal.App. 2d 530, 536 [25 Cal.Rptr. 344], the defendant made the same objection to the extent of cross-examination as appellant makes here, and the court said: "Evidence respecting his former activity in offenses involving a plan, scheme, design or mode of operation similar to that in which the participants in the offenses charged against him had engaged was relevant to an issue incident to his denial of participation therein; tended to refute such denial; and cross-examination eliciting such did not exceed the scope of his direct examination."

Finally, appellant charges error to the court in answering questions posed by jurors after the case had been submitted to them. The questions related to the burden of proof of alibi. One juror asked: "Do you have to have proof beyond a reasonable doubt, or just reasonable enough to introduce a doubt as to his guilt?" This exchange between the judge and jury then took place: "THE COURT: You mean in the case of the alibi? MEMBER OF THE JURY: Yes. THE COURT: Well, I will read the last paragraph here. I think it will answer your question. 'If, after a consideration of all of the evidence, you have a reasonable doubt whether or not the Defendant was present at the time the crime was committed, he is entitled to an acquittal.' Does that answer your question? MEMBER OF THE JURY: I think so. Well, an alibi then should prove where the Defendant was at the time that these crimes were committed; is that right? Does the alibi have to prove where he was? THE COURT: The alibi is offered for that, and, of course, your standard of proof is what I just read, to what extent it has to prove it. Do you follow me? In other

words, the alibi would say that he was at a certain place at the time that these robberies were committed. Let me say it is just based on the very simple rule that a person cannot be two different places at the same time." It cannot be said, as appellant contends, that the court's comments led the jurors to believe appellant had the burden of proving he was elsewhere at the time of the robberies in order to gain an acquittal. The court's comments had clear and direct reference to the instruction on alibi, and the instruction explicitly told the jury that, if the evidence as to alibi raised a reasonable doubt in the minds of the jurors that appellant was present at the time the robberies were committed he was entitled to an acquittal. ▮ We must assume the jurors understood the clear import of this language. (See *People* v. *Jordan*, 45 Cal.2d 697, 706 [290 P.2d 484] ; *People* v. *Sanchez*, 148 Cal.App.2d 593, 595-596 [307 P.2d 79] ; *People* v. *Shaw*, 115 Cal.App.2d 597, 603 [252 P.2d 670].)

Judgment affirmed. Appeal from order denying new trial dismissed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied July 22, 1963, and appellant's petition for a hearing by the Supreme Court was denied August 20, 1963.