[Crim. No. 4145.  First Dist., Div. Three.  Aug. 1, 1963.

THE PEOPLE, Plaintiff and Respondent, v. ROBERT FRYE, Defendant and Appellant.

*Assigned by Chairman of Judicial Council.

Robert Frye, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Charged with burglary in entering a home with intent to commit rape (Pen. Code, § 459), and with assault with intent to commit murder (Pen. Code, § 217), defendant was found guilty by a jury of first degree burglary and assault with a deadly weapon (Pen. Code, § 245). He was sentenced to consecutive terms.

Represented at trial by the public defender, he filed notice of appeal in propria persona. We appointed counsel to represent him. Upon receiving counsel's report that review of the record revealed no merit in the appeal, we relieved him of his assignment. We denied appellant's request for further appointment of counsel, but granted his requests for augmentation of the record. He filed both opening and closing briefs, and we have reviewed them, as well as the full record on appeal, in detail.

There is testimony that: The victim, a widow, was awakened in the early hours of the morning by a man holding his hand over her mouth and repeating "be quiet." He pulled back the bedcovers. She struggled. He straddled her. As he held her left arm under one knee, he moved a knife toward her. She freed her left hand and warded off the knife thrust, suffering severe cuts which later required surgery. He struck her on the head, stunning her, and pulled down the bottom portion of her pajamas. She resumed the struggle, kicked him in the groin, got free of his hand over her mouth and screamed. He fled. She called police, who found defendant crouching behind a bush in a backyard near the victim's home. His coat and shirt were stained with human blood. A knife was found some 6 feet from him. A relative, with whom defendant was living, testified that the knife was his, and that it had been in the basement of his home, near defendant's room, a few hours before the crime. The victim could not identify defendant in the unlighted bedroom, but a palm print in that room was identified as his, and articles found on the floor of the room were shown to have come from the coat defendant wore when arrested.

Defendant testified that he knew the victim, had had sexual intercourse with her on other occasions, and went to her home on the night in question at her invitation, although he admitted that she was asleep when he entered. He said she had produced the knife to threaten him during a quarrel over his attentions to another woman, and that he took it away from her and left the home with it. He explained

his hiding in a neighborhood yard by saying that he was a parolee and feared involvement with the police.

The evidence supports the verdict.

■ Defendant asserts that the trial court denied his request for a "mixed jury," by which he apparently means one including Negroes. We recognize and follow the established rule that a challenge to the panel must be sustained upon a showing of systematic exclusion of Negroes therefrom (*People v. Hines,* 12 Cal.2d 535 [86 P.2d 92]), but the record before us shows no reference whatever to this issue. Defendant insists that the subject was raised in a proceeding in chambers, at which the court reporter took notes. That reporter, however, has certified that all reported proceedings, in chambers or elsewhere, have been transcribed and filed with us. Thus there is no basis for the present attack (*People v. Carter,* 148 Cal.App.2d 949, 951 [307 P.2d 670]).

The record also is devoid of anything to sustain defendant's claim that adverse and inflammatory newspaper stories appeared before his trial, or that he was denied the right to represent himself in the trial court.

■ When defendant became a witness in his own behalf, it was proper impeachment, on cross-examination, to show that he had previously been convicted of two felonies, and the crime of which he was convicted in each instance (*People v. David,* 12 Cal.2d 639, 646 [86 P.2d 811]). This inquiry was not barred by his having admitted the prior convictions when he pleaded to the indictment (*People v. Garcia,* 174 Cal.App.2d 525, 532-533 [344 P.2d 855]).

■ But cross-examination as to details of the two earlier offenses was error (*People v. Braun,* 14 Cal.2d 1 [92 P.2d 402]). Defendant admitted that in the two prior prosecutions he had been charged with use of a knife to effect the rape and assault, but denied that the charges were true. He also admitted that he had defended one charge by asserting that the complaining witness was his "girl friend" and had consented to intercourse. He also asserted the truth of that defense. Respondent argues that the first inquiry was justified as showing similarity of method (*People v. Aquilante,* 208 Cal.App.2d 530 [25 Cal.Rptr. 344]). Assuming error in both lines of inquiry, however, we find no ground for reversal.

■ The question is whether the error was prejudicial (Cal. Const., art. VI, §4½). The examination as to priors was brief. No objection was made by defense counsel. We

cannot say that the trial court should have excluded the testimony on its own initiative, particularly since defendant seized the opportunity to assert his innocence of both charges. The erroneous matter was not argued to the jury (cf. *People* v. *Renchie*, 201 Cal.App.2d 1, 6 [19 Cal.Rptr. 734]). On the contrary, the prosecutor in his argument accurately stated the limited purpose and effect of impeachment for conviction of a felony. We are aware of the possibility of arguing an affirmative by stressing the negative, but we find no indication of that tactic here. On the entire record, we are satisfied that defendant was not prejudiced. The proof against him was strong. The improbabilities and contradictions of his version of the event were enhanced by the testimony of his relative indicating that defendant carried the knife to the victim's home for use against her, thus negating his defense of consent. The error was not prejudicial, and does not warrant reversal (see *People* v. *Phillips*, 197 Cal.App.2d 159, 164 [17 Cal.Rptr. 301]).

Defendant entered the victim's home with intent to commit rape. The jury's refusal to find him guilty of assault with intent to commit murder leaves the inference that his use of the knife he brought with him was for the purpose of compelling her to submit to intercourse. Thus the entry of the home and use of the knife were parts of a continuous course of conduct, motivated by the single objective of rape. A recent decision (*People* v. *McFarland*, 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]) makes clear, by analogy, that punishment of this defendant both for burglary with intent to commit rape and assault with a deadly weapon is within the prohibition against double punishment (Pen. Code, § 654). It may be noted that this decision was filed after we had relieved court-appointed counsel of his assignment.

The judgment is reversed insofar as it imposes a sentence for assault with a deadly weapon, the lesser of the two offenses. In all other respects, it is affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied August 16, 1963, and appellant's petition for a hearing by the Supreme Court was denied September 18, 1963.