[Crim. No. 4446. First Dist., Div. Three. Oct. 9, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD WESLEY GAY, Defendant and Appellant.

---

Nancy A. Rossi for Defendant and Appellant.

Stanley Mosk, Attorney General, Robert R. Granucci, John F. Kraetzer and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of burglary (Pen. Code, § 459), assault with a deadly weapon (Pen. Code, § 245), and three sex offenses (Pen. Code, §§ 288a, 286, and 261, subd. 4). He was sentenced to concurrent terms on all five counts, and appeals from the judgment.

The prosecutrix testified that she was awakened at 2 a.m. Sunday by the ringing of her doorbell; a voice said "Telegram, Western Union"; she turned on the light and opened the door slightly; defendant pushed through the door, and forced his left arm around her throat. He carried a carving knife in his right hand, and stopped her scream by threaten-

ing to "slit your throat." He asked if she were alone, and was told that her children were in bed in the house. Maintaining his armhold on her throat and continually threatening her with the knife, he forced her to a bedroom, and there committed the three sex offenses. There was evidence that defendant had spent the day at a house adjoining that of prosecutrix from which her home could be seen, and had been drinking. The prosecution produced a witness who testified to an assault attempt by defendant slightly less than four years earlier.

Defendant asserts that admission of evidence of this prior offense was error. ■ But evidence of other crimes is admissible if it shows a common plan, scheme or modus operandi, and thus tends to establish identity of the offender in the case on trial (*People* v. *Peete,* 28 Cal.2d 306, at pp. 315, 319 [169 P.2d 924]; *People* v. *Houston,* 219 Cal.App.2d 187 [33 Cal.Rptr. 26]; *People* v. *Renchie,* 217 Cal.App.2d 560 [31 Cal.Rptr. 694]; *People* v. *Johnson,* 195 Cal.App.2d 825 [16 Cal.Rptr. 290]). ■ The earlier offense here proved was similar to those charged in several respects: entry to a private residence was made in the early hours of a Sunday morning by an intruder who intended sexual assault, who was unconcerned by the presence in the house of the children of his intended victim, who had during the day been nearby and could see whether the husband was at home, who had been drinking, and who propelled his victim through the house to the bedroom with a similar armhold on her throat.

The earlier offense was first outlined in a detailed offer to the trial court out of the jury's presence, and the judge found sufficient similarities to warrant its admission. The admissibility of such evidence is primarily a question for the trial court (*People* v. *Rosoto,* 58 Cal.2d 304, 330 [23 Cal. Rptr. 779, 373 P.2d 867]; *People* v. *Renchie, supra,* 217 Cal. App.2d 560, 563). We find no error here. There were dissimilarities in the two cases. In the earlier case, defendant gained entry to the house by force or stealth, rather than by ruse. But in the case at bench there is a basis for inference that housebreaking had been attempted before the ruse was resorted to. Defendant in the earlier case was masked. There, however, he was a neighbor known to his intended victim. Here, he was not known to prosecutrix. The existence of some dissimilarities is not fatal (*People* v. *Houston, supra,* 219 Cal.App.2d 187, 194), and under the circumstances, there is no reason to consider the differences vital here.

We raised the issue of multiple punishment, and asked counsel to brief and argue it. ▮ Defendant could be sentenced for all five offenses if his course of conduct was divisible, but not if all the offenses were incident to but one objective (*Neal* v. *State of California,* 55 Cal.2d 11, 19 [9 Cal. Rptr. 607, 357 P.2d 839]). ▮ The knife was used continuously as a threat to gain entrance to the house and to compel submission to the sex offenses. Thus the assault with a deadly weapon cannot be cumulatively punished (*People* v. *Frye,* 218 Cal.App.2d 799, 803 [32 Cal.Rptr. 699]). ▮ Defendant's purpose in entering the home was charged and found to be commission of the sex offenses. Burglary and the crime whose intended commission rendered the entry burglarious cannot be separately punished (*People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Jones,* 211 Cal. App.2d 63, 73-74 [27 Cal.Rptr. 429]). Defendant probably could be sentenced for each of the three distinct sex offenses (see *People* v. *Slobodion,* 31 Cal.2d 555, 561-563 [191 P.2d 1]). But he cannot be sentenced both for these offenses and for the burglary.

▮ We must affirm imposition of sentence upon the offense subject to the greatest punishment (*People* v. *McFarland, supra,* 58 Cal.2d 748, 762). Assault with a deadly weapon carries the least punishment (not more than 10 years). Thus that sentence must be reversed. The maximum punishment for each of the other four offenses is life imprisonment, but the minimum terms vary. We may look to the minima in determining which offense is more serious (see *People* v. *Young,* 224 Cal.App.2d 420, 425 [36 Cal.Rptr. 672]). Burglary carries a term of "not less than five years." The three sex offenses are punishable by imprisonment of not less than three years (Pen. Code, § 288a; § 261, subd. 4), and not less than one year (Pen. Code, § 286). It is arguable that concurrent sentences for the three sex offenses amount to greater punishment than the single sentence for burglary, which carries the same maximum of life imprisonment, but a higher minimum term than any of the group of three. The Attorney General, however, concedes that the first degree burglary sentence is greater than those for the three sex offenses as a group. Defense counsel does not dispute this conclusion.

The judgment is reversed insofar as it imposes sentences for violation of Penal Code sections 245, 261, 286 and 288a, and in all other respects it is affirmed.

Salsman, J., and Devine, J., concurred.