[Crim. No. 9115.   In Bank.   Dec. 23, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN
HENRY HICKS, Defendant and Appellant.

Thelton E. Henderson, under appointment by the Supreme Court, and Grant E. Propper, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Anthony M. Summers, Deputy Attorney General, for Plaintiff and Respondent.

McCOMB, J.—Defendant appeals from a judgment, after a jury trial, finding him guilty on two counts of violating section 459 of the Penal Code (burglary), two counts of violating section 288a of the Penal Code (sex perversions), and one count of violating section 286 of the Penal Code (crime against nature). The burglaries were found to be of the first degree.

*Facts*: On February 21, 1963, defendant entered a house with intent to commit a felony against a certain young female. After entering, he committed three sex offenses upon her. These offenses consisted of two violations of section 288a of the Penal Code and one violation of section 286 of the Penal Code. On February 25, 1963, defendant again entered the house with intent to commit a felony, but he did not accomplish his purpose.

The trial court imposed consecutive sentences for each of these violations.

Question: *Did the trial court err in imposing punishment for both the burglary committed on February 21, 1963, and the sex offenses?*

*Yes.* As conceded by the People, it was improper to impose punishment for both the burglary committed on February 21, 1963, and the sex offenses to which such burglary was incident and as a means of perpetrating which it was committed. (*People* v. *McFarland*, 58 Cal.2d 748, 762 [11b] [26 Cal.Rptr. 473, 376 P.2d 449]; *People* v. *Gay*, 230 Cal.App.2d 102, 105 [5] [40 Cal.Rptr. 778].)

Section 654 of the Penal Code prohibits double punishment, but it does not prohibit double conviction.[1] Hence,

---

[1]Section 654 of the Penal Code provides, in part: ''An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; . . .''

conduct giving rise to more than one offense, within the meaning of the statute, may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished. ■ The appropriate procedure on appeal after the erroneous imposition of double punishment is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned. (*People* v. *McFarland, supra,* 58 Cal.2d 748, 762-763 [14-15].)

■ Since the sex offenses in the present case were separate and distinct acts, defendant can be punished separately for each offense. (*People* v. *Slobodion,* 31 Cal.2d 555, 561-563 [6] [191 P.2d 1]; cf. *People* v. *Gay, supra,* 230 Cal.App.2d 102, 105 [5]; *People* v. *Tenner,* 67 Cal.App.2d 360, 364 [5] [154 P.2d 9].)

Accordingly, the determination as to which may be punished, the burglary or the sex offenses, rests upon a consideration of whether the punishment for the three sex offenses is greater than the punishment for the burglary.

■ The maximum punishment for a violation of section 286 of the Penal Code is life imprisonment.[2] The maximum punishment for a violation of section 288a of the Penal Code is imprisonment for 15 years. Therefore, the maximum punishment for the three sex offenses amounts to a life term plus 30 years' imprisonment.

■ The maximum punishment for burglary is life imprisonment (Pen. Code, §§ 461, 671), the maximum punishment for the three sex offenses is greater than that for the burglary. Accordingly, since the burglary was merely incidental to the sex offenses, the imposition of punishment for each of the three sex offenses should be affirmed, and the judgment reversed insofar as it imposes a sentence for the burglary committed on February 21, 1963.

No contention is made that defendant was not properly sentenced for the burglary committed on February 25, 1963. That burglary occurred on a separate date and had no con-

---

[2]Although section 286 of the Penal Code prescribes a minimum punishment of imprisonment in the state prison for not less than one year, no maximum term is specified. Section 671 of the Penal Code, however, provides in part: ''Whenever any person is declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, punishment of such offender shall be imprisonment during his natural life. . . .'' Therefore, a violation of section 286 of the Penal Code can be punished by life imprisonment. (Cf. *People* v. *Brooks,* 131 Cal. 311, 316 [63 P. 464]; *People* v. *Winthrop,* 118 Cal. 85, 93 [50 P. 390].)

nection with the sex offenses of which defendant was found guilty.

The judgment is reversed insofar as sentence was imposed on the burglary conviction on count I and affirmed in all other respects.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.