[Crim. No. 10713.  In Bank.  May 15, 1967.]

In re TRUMAN L. McGREW on Habeas Corpus.

686

Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Robert S. Shuken, Deputy Attorneys General, for Respondent.

McCOMB, J.—Petition for writ of habeas corpus.

*Facts*: About 4 a.m. on June 17, 1953, petitioner rang the bell at the home of Mrs. W., a 27-year-old married woman. When Mrs. W. answered the door petitioner asked for a

person named Janet. When Mrs. W. stated that no one by that name lived there, petitioner forced his way into the room. Holding Mrs. W. by the hair with his left hand and placing a foundry tool at her throat with his right hand, petitioner, after threatening her life, forced Mrs. W. to remove her clothing. He then stated to Mrs. W. that he was going to "have her in every way possible." According to Mrs. W.'s statement to the police petitioner then accomplished three acts of sexual intercourse and the act of sex perversion defined in section 288a of the Penal Code.[1]

The jury found petitioner guilty of two counts of rape (violation of Pen. Code, § 261, subd. 4, charged in counts I and II of the information), violation of section 288a (count III), and burglary in the first degree (violation of § 459, charged in count IV). With respect to the charge of burglary, the information alleged that this crime was "connected in its commission with the charges set forth in all the preceding counts" and that it was committed "with the intent then and there . . . to commit RAPE, a felony." The information also alleged a former conviction for violation of section 288, a felony.

Petitioner was sentenced to imprisonment in the state prison for the term prescribed by law on all four of the counts charged, and was also sentenced to serve the term prescribed by law for the prior conviction therein alleged after a finding that petitioner had violated the conditions of the order granting probation for such offense. All of these terms of imprisonment were ordered to run concurrently.

▮ *Questions*: First. *Is petitioner entitled to a writ of habeas corpus because of his allegation that evidence of a prior crime was improperly admitted by the trial court?*

*No.* Although the record does not contain any of the transcripts, a copy of the minute order at the time of sentencing shows that petitioner admitted a prior conviction of violating section 288 of the Penal Code. Furthermore, habeas corpus does not lie where claimed errors could have been but were not raised upon a timely appeal from a judgment of conviction nor does it lie to review claimed error which

---

[1]Petitioner has not supplied us with a transcript of the trial proceedings. The only record is that obtained by the Attorney General from the Record Office of San Quentin State Prison. Included therein is a document entitled "Circumstances of Offense," which contains a narrative of the facts quoted verbatim from the probation officer's report. Also included are certified copies of the information and the minutes of the proceedings at the time of sentencing.

presents no question of jurisdiction or fundamental importance. (*In re Malloy, ante,* pp. 252, 254 [1] [57 Cal.Rptr. 345, 424 P.2d 929]; *In re Shipp,* 62 Cal.2d 547, 552 [5] [43 Cal.Rptr. 3, 399 P.2d 571]; *In re Mitchell,* 56 Cal.2d 667, 671 [4b, 5] [16 Cal.Rptr. 281, 365 P.2d 177]; *In re Dixon,* 41 Cal.2d 756, 759 [1] [264 P.2d 513].)

▪ Second. *Was petitioner subjected to multiple punishment proscribed by section 654 of the Penal Code[2] when he was sentenced to concurrent terms for burglary and the sex offenses based on an indivisible course of criminal conduct?*

*Yes.* The record discloses that upon petitioner's entry into the victim's home he stated that "he was going to have her in every way possible." In the absence of any other evidence in the record before us going to the intent and objective of petitioner in forcing his way into her home, the only reasonable conclusion is that petitioner was motivated by one objective, the commission of the sex offenses he later accomplished.

▪ Where all the offenses were incident to one objective, petitioner may be punished for any one of them but not for more than one. (*Neal v. State of California,* 55 Cal.2d 11, 19 [22] [9 Cal.Rptr. 607, 357 P.2d 839]; *People v. McFarland,* 58 Cal.2d 748, 760 [12, 13] [26 Cal.Rptr. 473, 376 P.2d 449]; see also *In re Johnson,* 65 Cal.2d 393, 395 [3] [54 Cal.Rptr. 873, 420 P.2d 393]; *In re Henry,* 65 Cal.2d 330, 331 [1] [54 Cal.Rptr. 633, 420 P.2d 97]; *In re Romano,* 64 Cal.2d 826, 828 [1] [51 Cal.Rptr. 910, 415 P.2d 798]; *In re Ward,* 64 Cal.2d 672, 676 [4] [51 Cal.Rptr. 272, 414 P.2d 400]; *People v. Failla,* 64 Cal.2d 560, 570 [17, 18] [51 Cal.Rptr. 103, 414 P.2d 39]; *In re Cruz,* 64 Cal.2d 178, 180 [2a] [49 Cal.Rptr. 289, 410 P.2d 825].) Conduct giving rise to more than one offense within the meaning of section 654 of the Penal Code may result in the initial conviction of two or more crimes, only one of which, the more serious offense, may be punished.

▪ It has been settled since *People v. McFarland, supra,* 58 Cal.2d 748, that where excessive punishment has been imposed, the appropriate procedure at the appellate level is to eliminate the effect of the judgment as to the less severely punishable offense insofar as penalty alone is concerned. (*In re Wright,* 65 Cal.2d 650, 656 [5] [56 Cal.Rptr. 110, 422 P.2d

[2]Section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one."

998].) ▮ Accordingly, the determination as to which may be punished, the burglary or the sex offenses, rests upon a consideration of whether the punishment for burglary is greater than for the sex offenses.

The terms prescribed by law for the respective offenses are five years to life for the burglary (Pen. Code, §§ 461, 671); three years to life for rape (Pen. Code, §§ 264, 671); and not exceeding 15 years for oral copulation (Pen. Code, § 288a).[3] The maximum term for burglary and rape is the same, but the minimum term for burglary is greater. The punishment for burglary, therefore, is greater. (*People* v. *Gay,* 230 Cal.App. 2d 102, 105 [6] [40 Cal.Rptr. 778].)

The difference between this case and *People* v. *Hicks,* 63 Cal.2d 764 [48 Cal.Rptr. 139, 408 P.2d 747], where it was held that the punishment for three sex offenses was greater than the punishment for burglary is that in *Hicks,* the sentences for the sex offenses were ordered to run consecutively and were capable of being totaled; the cumulative maximum for three separate and distinct sex offenses was life plus 30 years. In the present case, however, the terms were ordered to run concurrently. The minimum term for the sex offenses, running concurrently, is less than the five-year minimum for burglary.

The sentences for the sex offenses are set aside. Petitioner is not entitled to release since he is held under other valid judgments of conviction. The order to show cause is therefore discharged and the petition for writ of habeas corpus is denied.

Traynor, C. J., Peters, J., Tobriner, J., Burke, J., and Schauer, J.,* concurred.

---

[3]Section 288a fixes no minimum punishment except where the person found guilty has compelled the other's participation by force, and it further provides that ''The order of commitment shall expressly state whether a person convicted hereunder . . . has compelled coparticipation in his act by force. . . .'' The information did not charge petitioner with using force, nor does the order of commitment expressly state whether he compelled coparticipation by force. Therefore, the 3-year minimum for oral copulation by force is not applicable.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.