33 Cal.App.3d 630 (1973)
109 Cal. Rptr. 276
THE PEOPLE, Plaintiff and Respondent,
v.
EDWARD WALTER DEVANEY, Defendant and Appellant.
Docket No. 10863.
Court of Appeals of California, First District, Division One.
July 25, 1973.
*633 COUNSEL
Shepard, Olson, DeVaney, Turner & Dietrich, Shepard, Olson, DeVaney, Turner, Dietrich & Milnes and Kenneth W. DeVaney for Defendant and Appellant.
Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Gloria DeHart and Ina Gyemant, Deputy Attorneys General, for Plaintiff and Respondent.
*634 OPINION
MOLINARI, P.J.
This is an appeal from a judgment upon conviction of violating Penal Code section 464 (burglary with acetylene torch or explosives) and Penal Code section 211 (robbery while armed with a deadly weapon).
The facts pertinent to the issues presented will be set out in connection with the discussion of such issues. Preliminarily, we set out the following facts: On October 25, 1971, at approximately 4 a.m., three men with guns and wearing wet suits entered the Trident Restaurant in Sausalito. They handcuffed Patrick Pendleton and Thomas Ribar, employees of the restaurant who were performing janitorial tasks, and moved them to the men's restroom. While there Pendleton and Ribar heard ripping, tearing and drilling noises, and the sound of an instrument described as a torch. After the noises ceased and the three men departed, Pendleton and Ribar sounded an alarm. It was then discovered that holes had been cut in six doors leading to a room where there were two safes. The two safes had been cut open. At closing time on the previous night the safes had contained $43,000. On November 12, 1971, a search was made of defendant's home pursuant to a search warrant. In this search the officer found hand tools consisting of a chisel, a bar with a curved top, a silver-colored punch, three proto tools, two additional punches, three drills, a jabsaw and pry bar. They also found three hand guns. These guns were of the calibers .380, .25 and .22, respectively.
(1) The first issue is whether there was sufficient evidence that money or property was taken from the Trident Restaurant. Defendant contends that the prosecution failed to introduce evidence that any property or money was taken from said restaurant. This contention is without merit. Louis Ganapoler testified as to the contents of the two safes when he left and indicated that the safes had been opened and damaged when he saw them on October 25, 1971. He further identified photographs of the two safes, none of which depict the safes in the condition in which he left them. An examination of the photographs shows that the safes are empty. Marsha Sault, the bookkeeper at the Trident Restaurant, testified that a gold ring with a blue star sapphire stone was on her desk or in the safe before the robbery, and that it was missing after the robbery. This evidence provides a sufficient basis for concluding that property was removed from the Trident Restaurant.
(2a) Defendant claims that it was prejudicial error to "parade into evidence the various drills, steel bars, and punches taken from [his] home." *635 (3) Tools and instruments of a crime are properly admitted into evidence when they tend to connect the defendant with the commission of the offense charged. (People v. Planagan, 65 Cal. App.2d 371, 414-415 [150 P.2d 927].) (2b) Here there was evidence that tools were used in the commission of the crime, but there was no showing that the tools admitted in evidence, or similar tools, had been used in the commission of the crime. However, defendant failed to object to the introduction of the subject tools into evidence. Having failed to make a timely objection in the trial court defendant has waived any error in the admission of the tools into evidence. (Evid. Code, § 353, subd. (a); Russell v. Geis, 251 Cal. App.2d 560, 570 [59 Cal. Rptr. 569]; People v. Keel, 272 Cal. App.2d 275, 277 [77 Cal. Rptr. 298]; People v. Nugent, 18 Cal. App.3d 911, 917 [96 Cal. Rptr. 209].) We are of the opinion that the error complained of has not resulted in a miscarriage of justice so as to obviate the failure to object in the court below, particularly in view of defendant's failure to demonstrate on this appeal that such error resulted in a miscarriage of justice. (Evid. Code, § 353, subd. (b).)
(4a) Defense counsel objected to the introduction in evidence of the three hand guns belonging to defendant. The objection was overruled. On appeal defendant raises the same objection, that is, the prosecution should not have been allowed to introduce guns of different types and calibers, when there is no evidence as to what type of gun was actually used in the commission of the crime.
With respect to the guns used by the robbers, the record discloses as follows: Pendleton testified that the gun that was held on him was "between a .32 and .45" caliber with a barrel of approximately four inches. Ribar testified that the person who held a gun on him appeared to have an automatic pistol of approximately .45 caliber.
(5) When the specific type of weapon used to commit a homicide is not known, it may be permissible to admit into evidence, weapons found in the defendant's possession some time after the crime that could have been the weapons employed. "There need be no conclusive demonstration that the weapon in defendant's possession was the murder weapon." (People v. Riser, 47 Cal.2d 566, 577 [305 P.2d 1].)
(4b) Here the evidence discloses that the specific type of weapon used in the robbery was not known. The prosecution's evidence was circumstantial as to the exact weapon used. Accordingly, the subject guns, as an implement by means of which it is likely that a crime was committed, were admissible in evidence when they were connected with defendant. (People v. Rinegold, 13 Cal. App.3d 711, 720 [92 Cal. Rptr. 12].)
*636 (6a) Defendant contends that the in-court identification by Pendleton was tainted because he had been shown defendant's picture a number of times prior to the trial and because he had been "primed" during the course of the trial during a noon recess.
(7) An in-court identification will be set aside where a pretrial photographic procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. (Simmons v. United States, 390 U.S. 377, 384 [19 L.Ed.2d 1247, 1253, 88 S.Ct. 967]; People v. Lawrence, 4 Cal.3d 273, 280 [93 Cal. Rptr. 204, 481 P.2d 212].) (6b) In the instant case Pendleton did not identify defendant from any of the photographs shown him prior to trial, nor was he able to identify defendant in any of the photographs shown to him at the trial.
Defendant's assertion that Pendleton was "primed" is based on the fact that Pendleton was unable to identify any of the photographs shown to him prior to the noon recess as depicting defendant but was able to make an in-court identification of defendant after the noon recess. This assertion may be answered with the observation that Pendleton may not have been able to identify defendant from a photograph but could do so when he saw him in person.
(8) We are not unmindful that Pendleton testified that at the time of the robbery he could see only a portion of the face of the robber who accosted him. He could only see the portion below the nose and that above the eyes. Notwithstanding this testimony, it was for the jury to determine whether Pendleton's in-court identification was believable. It was the jury's function to determine whether the identification was probable under the facts and its determination as the trier of fact is binding on us. (In re Corey, 230 Cal. App.2d 813, 825-826 [41 Cal. Rptr. 379]; People v. Braun, 14 Cal.2d 1, 5 [92 P.2d 402]; People v. Jackson, 183 Cal. App.2d 562, 567-568 [6 Cal. Rptr. 884].) We cannot say that the identification was so utterly unbelievable or a physical impossibility as to warrant our rejection of the jury's conclusion. (See In re Corey, supra; People v. Braun, supra; People v. Jackson, supra.)
(9) Defendant contends that the prosecutor's reference in his argument that certain items of evidence had not been explained away by defendant violated the rule established by Griffin v. California, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229] [reh. den. 381 U.S. 957 (14 L.Ed.2d 730, 85 S.Ct. 1797)]. The essence of the Griffin rule is that it prohibits reference to a defendant's failure to take the stand in his own defense. (People v. Hardy, 271 Cal. App.2d 322, 330 [76 Cal. Rptr. 557]; People v. Burns, 270 Cal. App.2d 238, 247 [75 Cal. Rptr. 688].) The rule does not, however, *637 extend to comments on the state of the evidence or on the failure of the defense to introduce material evidence or to call logical witnesses. (People v. Hardy, supra, at pp. 330-331; People v. Burns, supra.) The comments complained of were in this category. Accordingly, we perceive no error.
Even assuming that the comments alluded to by defendant constituted Griffin error, a reversal is not required if we are "able to declare a belief that it was harmless beyond a reasonable doubt." (Chapman v. California, 386 U.S. 18, 24 [17 L.Ed.2d 705, 711, 87 S.Ct. 824, 24 A.L.R.3d 1065] [reh. den. 386 U.S. 987 (18 L.Ed.2d 241, 87 S.Ct. 1283)]; People v. Gioviannini, 260 Cal. App.2d 597, 605 [67 Cal. Rptr. 303].) In the light of the record, aside from the subject comments, the evidence is of such sufficiency as to warrant the conclusion that defendant committed the crimes charged. We are thus able to declare the comments of the district attorney harmless beyond a reasonable doubt.
Defendant was convicted of violating Penal Code section 464 (burglary with acetylene torch) which carries a punishment of imprisonment in the state prison for a term of not less than 10 years nor more than 40 years. He was also convicted of violating Penal Code section 211 (first degree robbery) which carries a punishment of imprisonment in the state prison for not less than five years, but which, since there is no limit to the duration of such imprisonment, makes the person convicted of the offense subject to imprisonment during his natural life. (Pen. Code, §§ 213, 671.)
Defendant was sentenced to state prison for the terms prescribed by law, to be served concurrently, but sentence on the robbery count was stayed pending determination of any appeal from the burglary conviction, said stay to become permanent upon completion of the sentence on the burglary count. (10a) Defendant contends that it was prejudicial error for the court to impose sentence on the offense carrying the lesser punishment and to stay the execution of the sentence carrying the greater punishment. Assuming that the basics for this argument are true, we are hard put to comprehend why defendant is complaining of the clemency he received from the court below.
It is conceded that the two offenses for which defendant was convicted are not susceptible to double punishment. He may only be punished for one. (See Pen. Code, § 654.)[1] In cases of multiple convictions subject to *638 the proscription against double punishment, the cases have usually stated that such punishment is avoided by eliminating the effect of the judgment as to the lesser offense. (See People v. McFarland, 58 Cal.2d 748, 762-763 [26 Cal. Rptr. 473, 376 P.2d 449]; People v. Hicks, 63 Cal.2d 764, 766 [48 Cal. Rptr. 139, 408 P.2d 747]; In re Pratt, 66 Cal.2d 154, 156-157 [56 Cal. Rptr. 895, 424 P.2d 335] [modified 5 Cal.3d 46 (95 Cal. Rptr. 11, 484 P.2d 1355)]; People v. Diaz, 66 Cal.2d 801, 807 [58 Cal. Rptr. 729, 427 P.2d 505]; People v. Rosenberg, 212 Cal. App.2d 773, 777 [28 Cal. Rptr. 214]; In re Keller, 232 Cal. App.2d 520, 523 [42 Cal. Rptr. 921]; People v. Brumley, 242 Cal. App.2d 124, 131 [51 Cal. Rptr. 131]; People v. Johnson, 242 Cal. App.2d 870, 876 [52 Cal. Rptr. 38]; People v. Root, 246 Cal. App.2d 600, 607 [55 Cal. Rptr. 89]; People v. Moore, 249 Cal. App.2d 509, 514 [57 Cal. Rptr. 449]; People v. Flores, 267 Cal. App.2d 452, 460 [73 Cal. Rptr. 118]; People v. Solo, 8 Cal. App.3d 201, 208 [86 Cal. Rptr. 829]; People v. Venegas, 10 Cal. App.3d 814, 821 [89 Cal. Rptr. 103].)
In other cases reference is made to the elimination of the "less severely punishable offense." (Italics added; see In re Wright, 65 Cal.2d 650, 656 [56 Cal. Rptr. 110, 422 P.2d 998]; In re McGrew, 66 Cal.2d 685, 688 [58 Cal. Rptr. 561, 427 P.2d 161]; People v. McFarland, supra, 58 Cal.2d 748, 763; People v. Emory, 192 Cal. App.2d 814, 827 [13 Cal. Rptr. 889]; People v. Sheldon, 254 Cal. App.2d 174, 183 [61 Cal. Rptr. 778]; People v. Collins, 220 Cal. App.2d 563, 581 [33 Cal. Rptr. 638].)
(11a) To our knowledge the term "lesser offense," as used in the context under discussion, has not been specifically defined, but the implication is clear that what is meant is that in multiple conviction cases where a defendant can only be punished for one of the offenses of which he has been convicted, the less severely punishable offense is to be eliminated from the effect of the judgment insofar as the penalty is concerned. In other words, as respects such multiple convictions, the appropriate procedure is to impose sentence for the offense that is subject to the greater punishment and to eliminate from the effect of the judgment the other offense or offenses subject to a less severe punishment.
(10b) The determination of which of the two offenses in the instant case is the "less severely punishable offense" presents some difficulty. Is the burglary offense "less severely punishable" than the robbery offense because the latter carries a greater maximum sentence? (See People v. Brumley, supra, 242 Cal. App.2d 124, 131.) Or is the burglary offense subject to a greater punishment because the minimum term is 10 years while that for the robbery is 5 years? (See In re McGrew, supra, 66 Cal.2d 685, 689.)
*639 The logic of the situation requires that we not be oblivious to the realities of the manner in which our penal system is administered. We observe that pursuant to Penal Code section 3024.5 the Adult Authority may refix the term of a prisoner who is serving a sentence in which the legal minimum sentence is five years or more and discharge such prisoner at any time after he has served two-thirds of such minimum term. Thus, under this section defendant's term could be refixed and he could be discharged after serving 40 months if he were sentenced on the robbery charge, but only after 80 months upon sentence for the burglary charge. We observe, too, that Penal Code section 3049, as it pertains to the instant offenses, provides that a prisoner may be paroled at any time after the expiration of one-third of the minimum term. Thus, under a sentence for the robbery conviction defendant would be eligible for parole after 20 months, while upon the sentence for the burglary charge he would be eligible for parole after 40 months.
It is a matter of generalized knowledge that the objective of our penal system is to discharge or parole a prisoner who has made a satisfactory adjustment and rehabilitation at the earliest opportunity afforded by law. It is equally well known that persons who are declared punishable for a crime by imprisonment in the state prison for a term not less than any specified number of years, but are subject to imprisonment during their natural life because no limit to the duration of the term has been declared, rarely serve a natural life term.
Accordingly, we conclude that, as between the two offenses involved here, burglary is the one subject to the greater punishment and that the trial court properly eliminated the effect of the judgment as to the robbery offense because it is the less severely punishable offense.
(11b) We observe, moreover, that a trial court is not required to punish a defendant being sentenced on more than one conviction to the more severe penalty that may be imposed. (Pen. Code, § 654; People v. Wesley, 10 Cal. App.3d 902, 911 [89 Cal. Rptr. 377]; see People v. Hood, 1 Cal.3d 444, 459 [82 Cal. Rptr. 618, 462 P.2d 370].) In the present case, assuming, arguendo, that burglary is the "less severely punishable offense," defendant may not complain of the trial court's clemency. On the other hand, if the robbery offense is the "less severely punishable offense" as we have concluded it is, defendant is not in a position to complain that the trial court imposed a proper sentence pursuant to an appropriate procedure.
The judgment is affirmed.
Sims, J., and Elkington, J., concurred.
A petition for a rehearing was denied August 21, 1973.
NOTES
[1] Section 654 of the Penal Code provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; ..."