[No. S026853. Dec. 20, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC TOMONT HICKS, Defendant and Appellant.

**COUNSEL**

Dallas Sacher, under appointment by the Supreme Court, and Howard J. Specter, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama and Ronald A. Bass, Assistant

Attorneys General, Morris Beatus, Gerald A. Engler, Stan Helfman, Thomas A. Brady and Enid A. Camps, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

GEORGE, J.—In *People* v. *Siko* (1988) 45 Cal.3d 820, 822 [248 Cal.Rptr. 110, 755 P.2d 294], we held that the enactment of Penal Code section 667.6, subdivision (c), which permits the imposition of consecutive full-term sentences when a defendant has been convicted of certain enumerated sexual offenses, did not repeal the prohibition of Penal Code section 654 against multiple punishment based upon "the same act or omission."[1] In this case, we address the question we expressly left unresolved in *Siko*: whether the enactment of section 667.6, subdivision (c), created an exception to section 654 so as to permit the imposition of consecutive full-term sentences for enumerated offenses constituting separate acts committed during an "indivisible" or "single" transaction. For the reasons that follow, we hold that the enactment had this effect.

### FACTUAL AND PROCEDURAL HISTORY

Following a jury trial, defendant was convicted of six counts of rape (former § 261, subd. (2)),[2] two counts of forcible sodomy (§ 286, subd. (c)), two counts of genital penetration by a foreign object (§ 289, subd. (a)), and one count of burglary (§ 459). He was sentenced on the burglary count to the upper term of three years in state prison, and on the remaining ten counts to full consecutive terms of eight years on each count, for a total term of eighty-three years.

The Court of Appeal held that imposition of sentence on the burglary count violates section 654's proscription against multiple punishment. In so holding, the Court of Appeal followed the decision in *People* v. *Masten* (1982) 137 Cal.App.3d 579, 589 [187 Cal.Rptr. 515], disapproved on another ground in *People* v. *Jones* (1988) 46 Cal.3d 585, 600, footnote 8 [250 Cal.Rptr. 635, 758 P.2d 1165], rather than the contrary rulings in *People* v.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] At the time of the alleged offenses, section 261, subdivision (2), defined rape as "an act of sexual intercourse, accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: [¶] . . . [¶] (2) Where it is accomplished against a person's will by means of force, violence, or fear of immediate and unlawful bodily injury on the person or another." (Stats. 1986, ch. 1299, § 1, p. 4592.) The statute subsequently was amended to redesignate this provision as section 261, subdivision (a)(2), and add, to the definition of rape, acts of intercourse accomplished by means of duress or menace. (Stats. 1990, ch. 630, § 1.)

*Andrus* (1990) 226 Cal.App.3d 73, 78-79 [276 Cal.Rptr. 3], and *People* v. *Anderson* (1990) 221 Cal.App.3d 331, 339-343 [270 Cal.Rptr. 516].[3] We granted review to resolve this conflict.

Because the only issue before us is whether imposition of sentence on the burglary count constitutes an impermissible multiple punishment, we limit our summary of the evidence to the facts relevant to this issue.

Approximately 3 a.m. on June 26, 1989, the victim, Penny B., was working alone at the Bagelry bakery in Santa Cruz. She left the door closed but unlocked, as was her practice, to provide access for persons who restock the newspaper bins in the bakery. Defendant entered the bakery and, after conversing with the victim and determining that she was alone, grabbed her and forced her into the bathroom, where he raped her six times, committed two acts of forcible sodomy, and (on two occasions) inserted his fingers into her vagina.

He ordered the victim to clean her genitals and his with paper towels, and to clean the toilet and sink. Defendant and the victim then dressed and washed their hands, and he told her he would help her complete her duties at the bakery on time.

The victim resumed working while defendant sat beside her. When two men entered the bakery to deliver newspapers, the victim told defendant she wanted him to leave, and he complied, following the delivery men out the door. The victim locked the door, telephoned her supervisor, and reported that she had been raped. Defendant was arrested a short time later.

## DISCUSSION

Defendant contends the imposition of a term of three years for his conviction of burglary violates section 654, because the burglary was incidental to the forcible sexual offenses for which he also was punished.[4]

Section 654 states, in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be

---

[3]The decision in *People* v. *Anderson*, *supra*, 221 Cal.App.3d 331 was written by the author of the present opinion. We therefore shall attempt to be restrained in our praise of the reasoning of the *Anderson* opinion.

[4]Defendant does not contend that the imposition of consecutive sentences for his 10 sexual offenses violates section 654. We previously have held that this statute does not prohibit the imposition of multiple punishment for separate sexual offenses committed during a continuous attack, "even where closely connected in time." (*People* v. *Harrison* (1989) 48 Cal.3d 321, 336 [256 Cal.Rptr. 401, 768 P.2d 1078]; *People* v. *Perez* (1979) 23 Cal.3d 545, 553-554 [153 Cal.Rptr. 40, 591 P.2d 63].)

punished under either of such provisions, but in no case can it be punished under more than one . . . ." The statute "literally applies only where [multiple] punishment arises out of multiple statutory violations produced by the 'same act or omission.' [Citation.] However, . . . its protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' [Citation.]" (*People* v. *Harrison, supra,* 48 Cal.3d 321, 335; *People* v. *Latimer* (1993) 5 Cal.4th 1203, 1207-1209 [23 Cal.Rptr.2d 144, 858 P.2d 611].)

"It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.] . . . [I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. [Citation.]" (*People* v. *Harrison, supra,* 48 Cal.3d 321, 335.)

 The evidence in the present case establishes that defendant entered the bakery with the single criminal objective of sexually assaulting the victim. Therefore, if applicable, section 654 would preclude punishing defendant for both the burglary and the sexual offenses of which he was convicted. (*In re McGrew* (1967) 66 Cal.2d 685, 688 [58 Cal.Rptr. 561, 427 P.2d 161]; *People* v. *Pena* (1992) 7 Cal.App.4th 1294, 1312 [9 Cal.Rptr.2d 550].) We must determine, therefore, whether section 654 prohibits such multiple punishment when a trial court imposes consecutive full-term sentences for the enumerated sexual offenses under the authority of section 667.6, subdivision (c) (hereinafter section 667.6(c)).

Section 667.6(c) provides, "in the context of violent sex offenders, a discretionary sentencing alternative to the standard consecutive sentencing formula in section 1170.1. [Citations.]" (*People* v. *Jones, supra,* 46 Cal.3d 585, 595; *People* v. *Craft* (1986) 41 Cal.3d 554, 560 [224 Cal.Rptr. 626, 715 P.2d 585].) Under section 1170.1, subject to certain exceptions, the greatest term of imprisonment imposed for any of the crimes is designated the principal term. To the principal term is added subordinate terms, not to exceed five years in the aggregate, consisting of one-third of the middle term prescribed for each additional felony conviction. (§ 1170.1, subd. (a).) The total term of imprisonment may not exceed twice the base term. (§ 1170.1, subd. (g).)

Under the exception to section 1170.1 provided by section 667.6(c), imposition of consecutive *full-term* sentences is permitted if a defendant is convicted of certain sexual offenses. Section 667.6(c) provides, in pertinent

part: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of . . . subdivision (2) or (3) of Section 261 [rape], . . . Section 289 [genital penetration by a foreign object], or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person whether or not the crimes were committed during a single transaction."

In *People* v. *Siko, supra*, 45 Cal.3d 820, we considered whether consecutive full-term sentences imposed under section 667.6(c) were subject to the limitation against multiple punishment contained in section 654 and held that the enactment of section 667.6(c) did not repeal the prohibition in section 654 on multiple punishment for a *single act or omission*. That case, however, "[did] not present the question of whether or not the enactment of [section 667.6(c)] was intended by the Legislature to abrogate or modify the judicially engrafted 'indivisible' or 'single transaction' rule." (45 Cal.3d at p. 822, italics added; cf. *People* v. *Craft, supra*, 41 Cal.3d 554, 559, fn. 2.) Using the indivisible transaction rule, courts have expanded the scope of section 654, which by its terms prohibits multiple punishment only of "[a]n act or omission which is made punishable in different ways by different [Penal Code] provisions," also to prohibit multiple punishment of separate acts, committed incident to one objective, which comprise an indivisible course of conduct. (*People* v. *Latimer, supra*, 5 Cal.4th 1203, 1208.)

The defendant in *Siko* was convicted of forcible rape, forcible sodomy, and forcible lewd conduct with a child under the age of 14 years and received consecutive full-term sentences pursuant to section 667.6(c). "[T]he lewd conduct for which defendant was convicted consisted only of the rape and the sodomy." (*People* v. *Siko, supra*, 45 Cal.3d 820, 823.) Accordingly, we held that section 654's proscription against "multiple punishment for a single 'act or omission' " would be violated by punishing the defendant on all three convictions "because he committed only two criminal acts." (45 Cal.3d at p. 823.) We concluded that "the Legislature did not intend [section 667.6(c)] to carve out an implied exception to section 654 by allowing a *single act* to be punished twice." (45 Cal.3d at p. 825, italics added.)

The People argued in *Siko* that the Legislature demonstrated an intent partially to repeal section 654 by authorizing separate punishment under section 667.6(c), " 'whether or not the crimes were committed during a single transaction.' " The People asserted that the use of the term "single transaction" in section 667.6(c) "reflects an intent to change the rule . . . that section 654 prohibits multiple punishment whenever the defendant's actions form a 'single' or 'indivisible transaction.' " (45 Cal.3d at p. 825.)

We did not consider this contention in *Siko*, however, deeming it "irrelevant," because in that case "the People [did] not seek to punish three acts once each; they [sought] to punish the same two acts twice. This violates section 654, but it does not implicate the 'single' or 'indivisible transaction' rule." (*Ibid.*) We concluded: "Whatever the Legislature's intent may have been with respect to the 'single' or 'indivisible transaction' rule, it is clear to us it did not intend by its enactment of [section 667.6(c)] to repeal or amend the prohibition of double punishment for multiple violations of the Penal Code based on the 'same act or omission.'" (45 Cal.3d at p. 826.)

We now address the question left unresolved in *Siko*, namely, whether the Legislature, by enacting section 667.6(c), which authorizes consecutive full-term sentences for enumerated sexual offenses "whether or not the crimes were committed during a single transaction," created an exception to section 654's prohibition against multiple punishment for *separate acts* committed during an indivisible course of conduct.

In order to determine the intent of the Legislature, we begin, as we must, by examining the words of the statute. (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) As we noted in *Siko, supra*, 45 Cal.3d 820, section 667.6(c) does not mention section 654 directly. We must decide if the phrase "whether or not the crimes were committed during a single transaction," as used in section 667.6(c), refers to section 654's prohibition of multiple punishment for separate acts committed during a single or indivisible course of conduct and, if so, whether the use of this phrase expresses a legislative intent to create an exception to section 654.

As noted above, section 654 "literally applies only where [multiple] punishment arises out of multiple statutory violations produced by the 'same act or omission.'" (*People* v. *Harrison, supra*, 48 Cal.3d 321, 335.) But decisions interpreting section 654 have extended its protection "to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' [Citation.]" (48 Cal.3d at p. 335; *People* v. *Latimer, supra*, 5 Cal.4th 1203, 1207-1209.) "[S]ection 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction. [Citation.]" (*People* v. *Perez, supra*, 23 Cal.3d 545, 551.)

 Section 667.6(c) authorizes consecutive full-term sentences "whether or not the crimes were committed during a single transaction." If the Legislature had used the term "indivisible transaction" rather than the term "single transaction," it would be beyond dispute that the quoted phrase

creates an exception to section 654's prohibition against multiple punishment for separate offenses committed during an indivisible course of conduct. In the present context, however, the words "single" and "indivisible" have nearly identical meanings. Although the statute is not plain and unambiguous (cf. *People* v. *Jones*, *supra*, 46 Cal.3d 585, 593), the only reasonable interpretation of section 667.6(c) is that it permits imposition of consecutive full-term sentences, notwithstanding the provisions of section 654, when the defendant is convicted of an offense enumerated in section 667.6(c), based upon the commission of a separate act that constituted part of an indivisible course of conduct.

We find it significant that section 667.6(c), by its terms, is not expressly subject to section 654, as is section 1170.1. The first sentence of section 1170.1 states that the general provisions governing the imposition of consecutive sentences that follow are "subject to Section 654." Section 667.6(c) contains no similar limitation.

An examination of the legislative history of section 667.6(c) also supports our conclusion that the enactment of section 667.6(c) created an exception to section 654. In its original form, section 667.6(c) mandated consecutive full-term sentences for enumerated sexual offenses "whether or not the crimes were committed with a single intent or objective or during a single transaction." (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) Mar. 5, 1979, § 10, pp. 15-16.)[5] In its analysis of the bill, the Senate Committee on Judiciary concluded that the above quoted language "would *mandate*, in apparent disregard of Section 654, multiple punishment for sexual offenses committed during a single transaction." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 13 (1979-1980 Reg. Sess.) as amended Mar. 5, 1979, p. 8, italics in original.)

The bill subsequently was amended by deleting from section 667.6(c) the phrase "with a single intent or objective," so that the provision then mandated consecutive full-term sentences for the enumerated offenses "whether

---

[5]The original version of this bill did not propose the enactment of section 667.6(c), but did propose the amendment of section 288 (which prohibits lewd acts with children) to provide, in part, that "[a] full, separate, and consecutive term shall be served for each violation of this section unless such violation is committed upon one victim at the same proximate time and place as part of and in immediate conjunction with any other violation of this section upon such victim for which such term is imposed." (Sen. Bill No. 13 (1979-1980 Reg. Sess.) as introduced Dec. 4, 1978, § 7, p. 7.) The bill then was amended to mandate consecutive full-term sentences for violations of section 288 "whether or not the crimes were committed with a single intent or objective or during a single transaction." (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) Feb. 28, 1979, § 7, p. 8.) The next version of this bill, referred to above, deleted this proposed amendment of section 288 but proposed the enactment of section 667.6(c). (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) Mar. 5, 1979, §§ 7, 10, pp. 6-9, 15-16.)

or not the crimes were committed during a single transaction." (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) July 5, 1979, § 10, p. 13.) The bill later was amended to its final form, making *discretionary* the imposition of consecutive full-term sentences under section 667.6(c) and adding subdivision (d) to section 667.6, mandating consecutive full-term sentences "if such crimes involve separate victims or involve the same victim on separate occasions." (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) Aug. 30, 1979, § 10, pp. 14-15.)

The Legislature's reason for deleting from section 667.6(c) the indicated portion of the phrase "whether or not the crimes were committed with a single intent or objective or during a single transaction" is not apparent. As originally drafted, section 667.6(c) clearly was inconsistent with section 654 in authorizing the imposition of consecutive sentences for offenses committed "with a single intent or objective" during a single transaction, a type of sentence that would violate section 654's proscription against multiple punishment for an indivisible course of conduct.

Had the Legislature wished to ensure that the provisions of section 654 would remain applicable so as to bar multiple punishment for separate criminal acts committed during an indivisible course of conduct, it presumably would have deleted not only the reference to offenses committed "with a single intent or objective," but also the remainder of the phrase that refers to crimes "committed during a single transaction." Although it is unclear why the Legislature removed the reference to "a single intent or objective" from section 667.6(c), the only reasonable explanation for its retention of the phrase "whether or not the crimes were committed during a single transaction" is that the Legislature intended to create an exception to section 654 that would allow multiple punishment for separate criminal acts committed during an indivisible course of conduct.

Defendant contends the Legislature retained the phrase "whether or not the crimes were committed during a single transaction" simply to clarify that the Legislature was rejecting an approach, reflected in the original version of the bill, that would have mandated a consecutive full-term sentence for each violation of section 288 (lewd conduct with a child) "unless such violation is committed upon one victim at the same proximate time and place as part of and in immediate conjunction with any other violation of [section 288] upon such victim for which such term is imposed." (Sen. Bill No. 13 (1979-1980 Reg. Sess.) as introduced Dec. 4, 1978, § 7, p. 7.) We find this argument unpersuasive. Defendant does not explain why the Legislature would need "to clarify" that it had rejected a particular approach, when the specific language that would have enacted such an approach previously had been deleted from the bill.

The dissent concludes that the Legislature used the phrase "whether or not the crimes were committed during a single transaction" simply to distinguish those situations covered by subdivision (c) of section 667.6, in which the trial court retains discretion to impose consecutive full-term sentences, from those situations covered by subdivision (d) of section 667.6, in which consecutive full-term sentences are mandatory. But the phrase "whether or not the crimes were committed during a single transaction" does not serve this purpose, because it places no limitation on the situations in which the imposition of consecutive full-term sentences is discretionary. Subdivision (c) states the general rule that such sentences may be imposed for each violation of the enumerated offenses. Subdivision (d) modifies the general rule by providing that such sentences are mandatory "if the crimes involve separate victims or involve the same victim on separate occasions." The dissent's interpretation of subdivision (c) would render the phrase "whether or not the crimes were committed during a single transaction" mere surplusage, because the statute would have precisely the same meaning in the event this phrase were to be deleted. Such statutory construction is to be avoided. (*People* v. *Craft*, *supra*, 41 Cal.3d 554, 560.)

The Court of Appeal in the present case also considered significant the enactment of section 667.8, an enhancement provision that, when separately pleaded and proved (§ 1170.1, subd. (f)), mandates imposition of an additional term of imprisonment if the defendant is convicted of an enumerated sexual offense and of kidnapping the victim for the purpose of committing that sexual offense.[6] The appellate court observed that section 667.8 was enacted after the decision in *People* v. *Masten*, *supra*, 137 Cal.App.3d 579, which held that section 654 prohibits the imposition of consecutive sentences under section 667.6 for kidnapping and rape when those offenses are part of an indivisible course of conduct, and before the contrary decisions in *People* v. *Andrus*, *supra*, 226 Cal.App.3d 73, and *People* v. *Anderson*, *supra*, 221 Cal.App.3d 331. The Court of Appeal found it "significant that the Legislature chose to enact section 667.8 to mandate an additional term of punishment in that situation rather than to amend section 667.6 to make clear that full, separate and consecutive terms could be imposed under the existing section."

---

[6]Section 667.8, which was enacted in 1983 and amended in 1986, provides as follows: "(a) Except as provided in subdivision (b), any person convicted of a felony violation of Section 261, 264.1, 286, 288a, or 289 who, for the purpose of committing that sexual offense, kidnapped the victim in violation of Section 207, shall be punished by an additional term of three years. [¶] (b) Any person convicted of a felony violation of subdivision (c) of Section 286, Section 288, or subdivision (c) of Section 288a who, for the purpose of committing that sexual offense, kidnapped the victim, who was under the age of 14 years at the time of the offense, in violation of Section 207, shall be punished by an additional term of nine years. This subdivision is not applicable to conduct proscribed by Section 277, 278, or 278.5."

We disagree. By enacting section 667.8, the Legislature achieved a result different from what it would have effected by amending section 667.6(c) so as to clarify that section 654 does not restrict a trial court's discretion under section 667.6(c) to impose consecutive full-term sentences. ▮ Section 667.8 is mandatory in its requirement that the trial court impose an additional term when the prosecution pleads and proves the elements of the enhancement provision, whereas section 667.6(c) is discretionary in simply authorizing the trial court to impose enhanced punishment under certain circumstances. Thus, the additional term mandated by section 667.8 must be imposed even if the trial court declines to impose consecutive sentences or elects instead to impose standard consecutive sentences under section 1170.1 rather than the consecutive full-term sentences authorized under section 667.6(c). Furthermore, section 667.8 applies to some sexual offenses that are not within the scope of section 667.6(c).[7] Accordingly, the enactment of section 667.8 does not support the contention that section 654 prohibits the imposition of consecutive full-term sentences under section 667.6(c) for separate offenses committed during an indivisible transaction.[8]

▮ We acknowledge that a rational argument can be made for the conclusion reached by the Court of Appeal in the present case—that section 654 prohibits the imposition, under section 667.6(c), of multiple punishment for separate criminal acts committed during an indivisible transaction. As noted above, the applicable statutory language is unclear and ambiguous, and the Courts of Appeal have reached differing conclusions on this question. (Compare *People* v. *Andrus, supra*, 226 Cal.App.3d 73, 78-79, and *People* v. *Anderson, supra*, 221 Cal.App.3d 331, 339-343, with *People* v. *Masten, supra*, 137 Cal.App.3d 579, 589, disapproved on another ground in *People* v. *Jones, supra*, 46 Cal.3d 585, 600, fn. 8.) And we are mindful of the rule that, in a criminal case, where "two reasonable interpretations of the same provision stand in relative equipoise," " ' "ordinarily that construction

---

[7]Section 667.8 applies to all convictions of rape committed in violation of section 261, whereas section 667.6(c) applies only to convictions under subdivisions (2) or (3) of section 261. Section 667.8 applies to all sodomy convictions under section 286, to the commission of lewd acts upon a child under the age of 14 years in violation of section 288, and to oral copulation committed in violation of section 288a, whereas section 667.6(c) applies only to violations of those statutes committed by means of force or fear.

[8]We recognize that our interpretation of section 667.6(c) raises the issue whether a defendant subject to a section 667.8 enhancement also could receive consecutive full-term sentences under section 667.6(c) for the same offenses. (See *People* v. *Latimer, supra*, 5 Cal.4th 1203, 1215-1216.) Even if we were to determine that the Legislature did not intend such a cumulative sentence (a question which is not before us and upon which we express no opinion), it would not follow that we should interpret the language of section 667.6(c) as failing to create an exception to section 654—an interpretation that would apply even in circumstances not involving section 667.8. Rather, we could effectuate such a legislative intent simply by holding that a defendant could not receive both a section 667.8 enhancement and consecutive full-term sentences under section 667.6(c) based upon the same offenses.

which is more favorable to the offender will be adopted." ' " (*People* v. *Jones*, *supra*, 46 Cal.3d 585, 599.)

But the competing constructions of section 667.6(c) are *not* equally reasonable. Holding that section 667.6(c) is subject to section 654's prohibition of multiple punishment for offenses that form an indivisible transaction would leave entirely without meaning the language in section 667.6(c) allowing consecutive sentences "whether or not the crimes were committed during a single transaction." As noted above, "a statute should not be given a construction that results in rendering one of its provisions nugatory. [Citations.]" (*People* v. *Craft*, *supra*, 41 Cal.3d 554, 560.) "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)[9]

Our interpretation of section 667.6(c) produces a just result in the present case. ■ That statute was intended to allow enhanced punishment of certain sexual offenders who commit multiple offenses. (*People* v. *Craft*, *supra*, 41 Cal.3d 554, 560.) Such increased penalties are appropriate, because a defendant who commits "a number of base criminal acts on his victim is substantially more culpable than a defendant who commits only one such act." (*People* v. *Perez*, *supra*, 23 Cal.3d 545, 553; *People* v. *Latimer*, *supra*, 5 Cal.4th 1203, 1211.)

■ In the present case, the burglary for which defendant was separately punished was a means of facilitating the sexual assault, because defendant entered the victim's place of employment intending to subject her to a sexual assault. Nevertheless, defendant's act of entering that location aggravated the crime by increasing the victim's vulnerability and decreasing her chance

---

[9]In reaching the opposite conclusion in the present case, the Court of Appeal interpreted the language in section 667.6(c), allowing consecutive sentences "whether or not the crimes were committed during a single transaction," to permit multiple punishment only for those sexual crimes enumerated in section 667.6(c). The appellate court's holding is contrary to our decision in *People* v. *Jones*, *supra*, 46 Cal.3d 585, 593, in which we held that "the assumption that the words 'the crimes' in [section 667.6(c)] refer only to the [sexual offenses enumerated in section 667.6(c)] is incorrect." We held instead that "the words 'the crimes' in [section 667.6(c)] were meant to refer to the multiple sex or nonsex felonies otherwise required to bring section 1170.1 into play, not just to multiple [violations of the sexual offenses enumerated in section 667.6(c)]." (*Id.* at p. 597.)

We also observe that in *People* v. *Perez*, *supra*, 23 Cal.3d 545, which was decided prior to the enactment of section 667.6(c), we held that section 654 does not prohibit multiple punishment for multiple sexual offenses committed as part of "an otherwise indivisible course of conduct." (23 Cal.3d at p. 551.) Therefore, it would have been unnecessary to use the phrase "whether or not the crimes were committed during a single transaction" to describe those offenses for which consecutive full-term sentences were permitted under section 667.6(c), if such multiple punishment could be imposed only for sexual offenses.

of escape. At the time of sentencing, the victim stated that she still was unable to work, due to the fear engendered by defendant's attack. It was appropriate, therefore, for defendant's commission of the burglary to result in an increased sentence.

Accordingly, for the reasons discussed above, we hold that the imposition of a sentence for the burglary conviction, in addition to the consecutive full-term sentences imposed for the related enumerated sexual offenses, was authorized by section 667.6(c), notwithstanding section 654's general proscription against multiple punishment for offenses committed during an indivisible course of conduct.

## Disposition

The judgment of the Court of Appeal is reversed insofar as it holds that imposition of sentence on the burglary count is impermissible.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., and Baxter, J., concurred.

**MOSK, J.,** Dissenting.—In my view, Penal Code section 654 bars imposition of a full, consecutive term of imprisonment for defendant's burglary conviction.[1] The majority reach a contrary conclusion because they fail to apply standard canons of statutory construction. The result is the addition of three years to an absurd sentence of eighty years in prison.

It is my opinion that many criminal sentences have crossed the bounds of reason in this state. A sentence like the one imposed here, that cannot possibly be completed in the defendant's lifetime, makes a mockery of the law and amounts to cruel or unusual punishment (Cal. Const., art. I, § 17; see Mosk, *Nothing Succeeds Like Excess* (1993) 26 Loyola L.A. L.Rev. 981.)

Defendant has not challenged his 80-year sentence for the offenses of which he stands convicted, and our order limits the issue presented in this case, so I will offer no more at this time on the constitutional problem presented by this sentence.

However, there is something unseemly in the eagerness of the People to argue that an ambiguous expression of the Legislature be interpreted to provide for the absolute maximum punishment, when defendant already stands sentenced to a term he will never live long enough to complete. Furthermore, I fail to understand the willingness of the majority of this court to twist the canons of statutory construction to assure that defendant's ghost

---

[1]Statutory references are to the Penal Code unless otherwise indicated.

serves an additional three years in confinement—three years more than the eighty he is now ordered to serve. There is a point at which enough is enough.

Section 654 provides in pertinent part that "[a]n act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." A single continuous course of conduct in which several offenses are committed pursuant to a single objective gives rise to punishment for only one act under this provision. (*People* v. *Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63]; see also *People* v. *Harrison* (1989) 48 Cal.3d 321, 335 [256 Cal.Rptr. 401, 768 P.2d 1078].)

The People claim that section 667.6, subdivision (c), creates an exception to section 654. Section 667.6, subdivision (c), provides in pertinent part that a "full, separate, and consecutive term" may be imposed for certain sex offenses "whether or not the crimes were committed during a single transaction." The People argue that the term "single transaction" is a reference to the principles of section 654.

It would be odd if the term "single transaction" in section 667.6, subdivision (c), were intended to refer to the rule of section 654, because in the context of forcible sex offenses such as those enumerated in section 667.6, section 654 generally does not bar multiple punishment. (*People* v. *Harrison*, *supra*, 48 Cal.3d at pp. 335-338; *People* v. *Perez*, *supra*, 23 Cal.3d at pp. 553-554; *People* v. *Hicks* (1965) 63 Cal.2d 764, 766 [48 Cal.Rptr. 139, 408 P.2d 747].) This is because the defendant is considered to have multiple criminal objectives when he commits multiple sex offenses during a single attack. (*People* v. *Perez*, *supra*, 23 Cal.3d at pp. 552-553.)

Under case law established before the enactment of section 667.6, then, no exception to section 654 would normally be necessary to achieve multiple sentences for the enumerated sex offenses committed during an indivisible transaction. The language under our review would therefore generally be surplusage if it were interpreted to refer to the principles of section 654. However, in interpreting statutes, we avoid interpretations that would cause language to be mere surplusage. (*People* v. *Craft* (1986) 41 Cal.3d 554, 559-560 [224 Cal.Rptr. 626, 715 P.2d 585].) The majority fail to abide by this rule.

If the term "single transaction" does not refer to the principles of section 654, what does it mean? The legislative history suggests that we may reasonably interpret the term "single transaction" in subdivision (c) as

merely a description of the type of multiple sexual offenses for which full consecutive sentencing under section 667.6 is *permissible*, in contrast to the type of multiple offenses on separate occasions or against separate victims for which full consecutive sentencing is *mandatory* under section 667.6, subdivision (d).

The original form of the bill that ultimately enacted section 667.6 required full consecutive sentences for violations of section 288 with a single exception: "[U]nless such violation is committed upon one victim at the same proximate time and place as part of and in immediate conjunction with any other violation of this section upon such victim for which such term is imposed." (Sen. Bill No. 13 (1979-1980 Reg. Sess.) § 7, p. 7, as introduced Dec. 4, 1978; see *People* v. *Jones* (1988) 46 Cal.3d 585, 597 [250 Cal.Rptr. 635, 758 P.2d 1165].) This language required *mandatory* full consecutive sentences, providing for *discretion* in sentencing only when the offenses were part of a *single attack*. This opening for sentencing discretion met with a challenge, and the bill was amended in the language with which the majority opinion begins its legislative history, that is, it was amended to provide that full consecutive sentencing would be mandatory with no exceptions, "whether or not the crimes were committed with a single intent or objective or during a single transaction." (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) Feb. 28, 1979, § 7, pp. 7-8.)[2] A later amendment transferred this language to a new section 667.6. (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) Mar. 5, 1979, § 10, pp. 15-16.)

As we have explained in an earlier case, the Legislature evidently found it too draconian to require full consecutive sentences in every case involving the enumerated sex offenses. (*People* v. *Jones*, *supra*, 46 Cal.3d at p. 598.) As a compromise, the phrase "single intent and objective" was deleted (see Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) July 5, 1979, § 10, pp. 12-13), subdivision (c) of section 667.6 was amended to be permissive, and subdivision (d) was added to specify under what conditions full consecutive sentences would be mandatory. (Sen. Amend. to Sen. Bill No. 13 (1979-1980 Reg. Sess.) Aug. 30, 1979, § 10, pp. 13-15.) We have already interpreted this legislative history along exactly these lines. (*People* v. *Jones*, *supra*, 46 Cal.3d at p. 598.) The conclusion is reasonable that these amendments, including the use of the phrase "whether or not the offense was committed during a single transaction," illustrate the Legislature's struggle

---

[2]The concern of the Senate Committee on the Judiciary, noted in the majority opinion, that this language might "mandate, in apparent disregard of Section 654, multiple punishments for sexual offenses committed during a single transaction," seems to me to have been written in ignorance of the general rule that multiple sex offenses may be punished separately, despite section 654. (See, e.g., *People* v. *Perez*, *supra*, 23 Cal.3d at pp. 553-554.)

to define when the sentencing court retains discretion whether to impose full, consecutive sentences, but not any intent to confront the separate and largely irrelevant problem of section 654.

At the very least, section 667.6, subdivision (c), is ambiguous on the question of the applicability of section 654. Courts of Appeal have disagreed in interpreting the language under our review. (Compare *People* v. *Andrus* (1990) 226 Cal.App.3d 73, 78-79 [276 Cal.Rptr. 30], and *People* v. *Anderson* (1990) 221 Cal.App.3d 331, 339-343 [270 Cal.Rptr. 516], with *People* v. *Masten* (1982) 137 Cal.App.3d 579, 589 [187 Cal.Rptr. 515].) It is not the case, as the majority claim, that the only reasonable interpretation of the subdivision is that it was intended to create an exception to section 654. On the contrary, under existing law, there was no reason for the Legislature to be concerned with section 654 in the context of sentencing for forcible sex offenses. Accordingly, we should adhere to the basic principle of construction that ambiguity in a penal statute should be interpreted in favor of the defendant. (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].) The judgment of the Court of Appeal should be affirmed and the matter should be remanded for resentencing.

Appellant's petition for a rehearing was denied January 20, 1994. Mosk, J., was of the opinion that the petition should be granted.