Filed 11/30/15  P. v. Garcia CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061200 |
| v. | (Super.Ct.No. RIF1301988) |
| TOMAS RODRIGUEZ GARCIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Arlene A. Sevidal and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Tomas Rodriguez Garcia molested his niece L.R. from when she was about six until she was about eleven and his niece M.R. from when she was about five

1

until she was about eight.  Mostly, he used his hands to fondle their breasts and their vaginas; however, he also touched M.R.'s vagina with his penis at least once.

After a jury trial, defendant was found guilty on four counts of a nonforcible lewd act on a child under 14 (Pen. Code, § 288, subd. (a)), one count of a forcible lewd act on a child under 14 (Pen. Code, § 288, subd. (b)(1)), and one count of sexual intercourse with a child aged 10 or younger (Pen. Code, § 288.7, subd. (a)).  A multiple victim allegation under the One Strike Law was found true.  (Pen. Code, § 667.61, subd. (e)(5).)  Defendant was sentenced to a total of 85 years to life in prison, along with the usual fines, fees, and requirements.

Defendant now contends:

1.  The trial court mistakenly believed that consecutive sentencing was mandatory on counts 1 through 5.

2.  Defendant's sentence of 85 years to life constitutes cruel and unusual punishment.

3.  The trial court violated ex post facto principles by setting the restitution fine and the parole revocation restitution fine at $300 instead of $280.

In addition, the People contend that the trial court imposed an unauthorized sentence by sentencing defendant to 15 years to life on counts 1 through 5, because the statutorily mandated term on these counts was 25 years to life.

We will hold that the trial court erred by imposing consecutive sentences on counts 1, 2, 3, and 5 in the mistaken belief that consecutive sentencing was mandatory, when it should have exercised its discretion instead. Thus, we will remand for resentencing.

For the guidance of the trial court on remand, we will also hold that a sentence of 85 years to life in this case is not cruel and unusual punishment.

The other contentions are moot for purposes of this appeal, though the parties are free to litigate them on remand.

I

CONSECUTIVE TERMS OF 15 YEARS TO LIFE

A.      *Additional Factual and Procedural Background.*

At the sentencing hearing, the trial court announced a tentative sentence. On each of the lewd act counts, counts 1 through 5, it imposed a term of 15 years to life. On the one count of sexual intercourse with a child aged 10 or younger, count 6, it imposed a term of 25 years to life.

The trial court treated count 1 as the principal term. It stayed the term on the single forcible lewd act count, count 4, pursuant to Penal Code section 654.

With respect to counts 2, 3, and 5, it stated: "It is mandatory consecutive, pursuant to Penal Code [s]ection 667.6, [s]ubdivision (d). And that's because it involves both the same victim on separate occasions, and it also involves separate victims." With respect to count 6, it stated: "[T]hat section does not fall under Penal Code [s]ection 667.6, [s]ubdivision (d). Therefore it appears . . . that the Court has discretion."

It determined to run the sentence on count 6 consecutively because: (1) it was "the most egregious of all the offenses"; (2) it involved "a separate victim, a separate incident"; and (3) if count 4 had not been stayed, consecutive sentencing on count 4 would have been mandatory.

Defense counsel stated: "With regard to the mandatory consecutive sentences, the statutes are what they are, and I don't have much room to argue." After some further discussion, the trial court imposed its tentative sentence.

B. *Discussion*.

1. *Mandatory consecutive sentencing*.

Defendant contends that the trial court erred in believing that consecutive sentencing was mandatory on counts 1 through 5. To the extent that defense counsel forfeited this contention by failing to raise it below, he contends that this constituted ineffective assistance of counsel.

Penal Code section 667.6, subdivision (d) makes consecutive sentencing mandatory with respect to certain specified sex crimes. A forcible lewd act is one of these. (Pen. Code, § 667.6, subd. (e)(5), referencing Pen. Code, § 288, subd. (b).) Accordingly, consecutive sentencing on count 4 was mandatory. However, a nonforcible lewd act (Pen. Code, § 288, subd. (a)) is not one of the specified sex crimes. Accordingly, consecutive sentencing on counts 1, 2, 3, and 5 was discretionary, not mandatory.

4

"[C]laims of error in the trial court's exercise of its sentencing discretion are . . . forfeited if not raised at the sentencing hearing." (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.)  By contrast, "[a] claim that a sentence is unauthorized may be raised for the first time on appeal . . . .  [Citation.]" (*People v. Barnwell* (2007) 41 Cal.4th 1038, 1048, fn. 7.)  Here, consecutive sentences were not unauthorized.  This is not a case in which the trial court could not have imposed consecutive sentences under any circumstances. Rather, defendant's contention is that it imposed consecutive sentences based on a misapprehension regarding the applicable legal standard.  That would be an abuse of discretion (see *People v. Knoller* (2007) 41 Cal.4th 139, 156 ["an abuse of discretion arises if the trial court based its decision . . . on an incorrect legal standard"]), but it would not result in an unauthorized sentence.  Accordingly, defense counsel's failure to raise the issue below did work a forfeiture.

We therefore consider whether this forfeiture constituted ineffective assistance. "In order to establish a claim of constitutionally deficient performance by counsel, defendant must establish that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to defendant.  [Citation.]  . . .  'When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation.'  [Citations.]" (*People v. Grimes* (2015) 60 Cal.4th 729, 773.)

Defense counsel has never been asked why he conceded that consecutive sentencing was mandatory. However, we cannot imagine any legitimate tactical reason for this concession. Certainly the People do not suggest any.

The People argue only that defense counsel's concession was not prejudicial. They point out that the trial court knew that consecutive sentencing on count 6 was discretionary, yet it chose to sentence consecutively on this count as well. It does not necessarily follow, however, that it would have also sentenced consecutively on counts 1, 2, 3, and 5. It explained that it was sentencing consecutively on count 6 for three reasons. First, that count was the most egregious. By definition, that reason did not apply to counts 1, 2, 3, and 5. Second, that count "involve[d] both the same victim on separate occasions, and it also involve[d] separate victims." This implies that it might have run the sentences concurrently on counts 1, 2, and 3, which all involved victim L.R., and counts 5 and 6, which all involved victim M.R., at least with respect to each other. Third, it was staying count 4, on which it would otherwise have had to impose a full consecutive sentence. However, it may well have felt that running count 6 consecutively was a fair tradeoff for staying count 4, and that it was unnecessary to run the other counts consecutively, too.

We therefore conclude that there is a reasonable possibility that, if the trial court had known that it had discretion to run the sentences on counts 1, 2, 3, and 5 concurrently, it would have done so on one count, at least. Accordingly, we must reverse and remand

6

for resentencing.  We express no opinion as to how the trial court should exercise its discretion on remand.

>   2.   *Terms of 25 years to life.*

The People contend that the trial court erred by sentencing defendant to 15 years to life on counts 1 through 5, because under Penal Code section 667.61, subdivision (j)(2), the only authorized term was 25 years to life.

The People did not raise this contention below.  Accordingly, defendant responds that they are estopped from arguing that Penal Code section 667.61, subdivision (j)(2) applies.  He also argues that applying this subdivision to him would violate due process, double jeopardy, and ex post facto principles.

To the extent that the claimed error resulted in an unauthorized sentence, we are eliminating its effect by reversing and remanding for resentencing.  Arguably, we could address it for the guidance of the trial court on remand.  However, we decline to do so, because it has not been thoroughly briefed.  The People raised this issue for the first time in their respondent's brief.  Thus, defendant raised his estoppel, due process, double jeopardy, and ex post facto contentions for the first time in his reply brief.  The People have never had an opportunity to respond to them (although it is arguable that they should have anticipated these arguments in their respondent's brief).  We conclude that it is best for the parties to litigate this issue in the trial court in the first instance.

## II

## CRUEL AND UNUSUAL PUNISHMENT

Defendant contends that his sentence of 85 years to life constitutes cruel and unusual punishment because it is a "legal fiction" and cannot actually be served.

The People respond that defendant forfeited this contention by failing to raise it below. Ordinarily, a cruel and unusual punishment claim is forfeited if not raised in the trial court, because it requires "a fact-bound inquiry." (*People v. Ross* (1994) 28 Cal.App.4th 1151, 1157, fn. 8; accord, *People v. Kelley* (1997) 52 Cal.App.4th 568, 583; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27.) Defendant, however, is not arguing that the sentence is disproportionate to his individual culpability. Rather, he is arguing that an indeterminate sentence with a minimum parole period longer than the defendant's lifespan is *always* cruel and unusual punishment, as a matter of law. "[T]he rule that a litigant may not argue new theories for the first time on appeal does not apply to pure questions of law [citation] . . . ." (*Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1042-1043; accord, *People v. Randle* (2005) 35 Cal.4th 987, 1001-1002, disapproved on another ground in *People v. Chun* (2009) 45 Cal.4th 1172, 1201.) Finally, because we are remanding for resentencing, we would exercise our discretion to reach the issue in any event for the guidance of the trial court on remand.

Defendant relies on the late Justice Mosk's view — expressed persistently in concurring opinions (*People v. Deloza* (1998) 18 Cal.4th 585, 600-602 [conc. opn. of Mosk, J.]), dissenting opinions (*People v. Hicks* (1993) 6 Cal.4th 784, 797 [dis. opn. of

Mosk, J.]), and law review articles (Mosk, Nothing Succeeds Like Excess (1993) 26 Loy. L.A. L.Rev. 981) — that a term of years that is impossible for a human being to serve constitutes cruel and unusual punishment. In Justice Mosk's view, "[t]he maximum sentence that should be imposed is one a defendant is able to serve: life imprisonment." (*People v. Deloza*, *supra*, 18 Cal.4th at p. 602 [conc. opn. of Mosk, J.].)

Justice Mosk's idiosyncratic view has "no precedential value." (*People v. Byrd* (2001) 89 Cal.App.4th 1373, 1383.) To the contrary, it has been held that a term of years that is longer than the defendant's lifespan is not, for that reason, cruel and unusual. (*Id.* at pp. 1382-1383.) It is not impossible to serve because it is the functional equivalent of life without parole. (*People v. Ayon* (1996) 46 Cal.App.4th 385, 396-401, disapproved on other grounds in *People v. Deloza*, *supra*, 18 Cal.4th at p. 600, fn. 10.) Even Justice Mosk acknowledged that a life term is not unconstitutional per se.

To the extent that defendant is arguing that a sentence of life without parole is cruel and unusual, that is simply not the law. It has been held that a *juvenile* offender cannot be sentenced to life without parole for a nonhomicide offense. (*Graham v. Florida* (2010) 560 U.S. 48, 82; *People v. Caballero* (2012) 55 Cal.4th 262, 268.) But an *adult* offender *can*.

Finally, defendant argues that it is cruel and unusual to call the sentence anything other than life without parole, because doing so is a "legal fiction." What a sentence is called, however, cannot make it cruel and unusual. Defendant had appointed counsel,

who could explain to him the effect of the sentence. He could not possibly have been misled.

We therefore conclude that the sentence of 85 years to life does not constitute cruel and unusual punishment.

## III

## THE AMOUNT OF THE RESTITUTION FINE

## AND THE PAROLE REVOCATION RESTITUTION FINE

Defendant contends that the trial court erred by setting the amount of the restitution fine (Pen. Code, § 1202.4) and the parole revocation restitution fine (Pen. Code, § 1202.45) at $300 instead of $280. To the extent that his trial counsel forfeited this contention by failing to raise it below, he contends that this constituted ineffective assistance of counsel.

This issue is moot because we are remanding for resentencing. For the guidance of the trial court on remand, however, we note that the People have conceded that defendant's trial counsel rendered prejudicially ineffective assistance of counsel by failing to raise this issue below.

## IV

## DISPOSITION

The judgment with respect to conviction is affirmed. The judgment with respect to sentence is reversed. The trial court is directed to resentence defendant in accordance with the views expressed in this opinion.

The clerk of this court is directed to send a copy of this opinion to the State Bar immediately upon the issuance of the remittitur.  (Bus. & Prof. Code, § 6086.7, subd. (a)(2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

KING
J.

MILLER
J.