Filed 7/13/23  P. v. Maestas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078601 |
| v. | (Super. Ct. No. RIF1702492) |
| RONALD MAESTAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge. Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

A jury convicted defendant and appellant Ronald Maestas of 12 counts arising from his sexual abuse of his stepdaughter, and the trial court sentenced him to 127 years to life in prison. Defendant's sole argument on appeal is that his sentence is unconstitutional. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Jane Doe was two years old when her mother married defendant. She thought of him as her father.

When she was around five years old, defendant began sexually abusing her. The abuse continued for years and got progressively worse. Defendant penetrated her digitally and with his penis, and made her masturbate him. Doe estimated that defendant had intercourse with her about 100 times between the ages of nine and 12. When she got her first period at age 12, however, defendant stopped the abuse and it never happened again.

When she was 13, Doe finally reported defendant's abuse to her mother. Doe and her mother confronted defendant, and he became cagey. Eventually, however, he said it

---

[1] Given that defendant's only argument on appeal is that his sentence is unconstitutional, our recitation of the facts and procedural history is truncated.

was an "isolated event," got down on his knees, began crying, and repeatedly said he was sorry.

Defendant moved out, but moved back in a few weeks later. About three years later, Doe's mother and defendant began having marital problems and decided to separate. Doe, who was 16 at the time, decided to report defendant's abuse to the police.

A jury convicted defendant of one count of committing a lewd act on a child under 14 years old in violation of Penal Code section 288, subdivision (a) (count 1)[2], eight counts of committing a forcible lewd act on a child under 14 years old in violation of section 288, subdivision (b)(1) (counts 2, 3, 4, 6, 8, 10, 11, & 12), and three counts of engaging in sexual intercourse with a child aged 10 or younger in violation of section 288.7, subdivision (a) (counts 5, 7, & 9). The trial court sentenced defendant to 52 years plus 75 years to life in prison.

### III.

### DISCUSSION

Defendant's only argument is that his 127-years-to-life sentence is excessive in violation of the Eighth Amendment to the federal constitutional and article I, sections 6 and 17 of the California Constitution because it is effectively a sentence of life without the possibility of parole (LWOP). We disagree.[3]

---

[2] All further statutory references are to the Penal Code.

[3] Although defendant forfeited the argument by failing to object to his sentence (*People v. Baker* (2018) 20 Cal.App.5th 711, 720), we will address it on the merits "to

*[footnote continued on next page]*

Our colleagues in the First District, Division Four, recently rejected the same argument on similar facts after thoroughly considering the applicable state and federal precedent. (See *People v. Johnson* (2023) 88 Cal.App.5th 487 (*Johnson*).) The defendant in *Johnson* was convicted of 13 counts for sexually abusing his nine-year-old daughter and was sentenced to 32 years plus 135 years to life. (*Id*. at p. 492.) He challenged this "'de facto [LWOP] sentence'" as grossly disproportionate and excessive in violation of the California and federal constitutions. (*Id*. at p. 506.) Noting that at least two other California courts had found sentences of 129 years and 135 years to life were constitutional under both state and federal law, the *Johnson* court concluded that "precedent does not enable us to say that defendant's cumulative sentence of 32 years plus 135 years to life shocks the conscience and is grossly disproportionate to the 13 crimes of which he was convicted and sentence was imposed." (*Id*. at p. 507, citing *People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 523, 528-530, and *People v. Retanan* (2007) 154 Cal.App.4th 1219, 1230-1231.)

Defendant does not argue that *Johnson* is distinguishable. He instead points to Justice Streeter's concurrence in *Johnson* expressing his view that the defendant's sentence may be unconstitutional under the California constitution. (*Johnson*, *supra*, 88 Cal.App.5th at p. 507 (conc. opn. of Streeter, J.).) Justice Streeter acknowledged, however, that binding precedent did not allow him to reach that conclusion. (*Id*. at pp. 507-509). He concluded his concurrence by urging the California Supreme Court to

avert [defendant's] claim of inadequate assistance of counsel." (*People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310.)

4

reconsider the issue and to adopt Justice Mosk's minority position that "'[a] sentence . . . that cannot possibly be completed in the defendant's lifetime, makes a mockery of the law and amounts to cruel or unusual punishment.'" (*Id.* at p. 507, quoting *People v. Hicks* (1993) 6 Cal.4th 784, 797 (dis. opn. of Mosk, J.).)

We express no view on the issue other than recognizing that, as in *Johnson*, "precedent does not enable us to say that defendant's cumulative sentence" of 52 years plus 75 years to life in prison violates the California or federal constitution. (*Johnson*, *supra*, 88 Cal.App.5th at p. 507.) We therefore must affirm defendant's sentence. (See *id.* at p. 510 ["Unfortunately, however, this court is bound by existing precedents to affirm the judgment."] (conc. opn. of Pollak, J.).)

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:

RAPHAEL

J.

MENETREZ

J.

5