Filed 8/27/24  P. v. Loera CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MATTHEW LOERA, Defendant and Appellant. | B332216 (Los Angeles County Super. Ct. No. BA512237) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

## INTRODUCTION

Matthew Loera appeals from his convictions pursuant to a plea of no contest for assault with intent to commit rape, sexual penetration by use of force, and attempted forcible rape. We appointed counsel to represent Loera in this appeal. Loera's appointed counsel reviewed the record and did not identify any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) Nor, after reviewing the record independently, have we. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information, the People charged Loera with one count of assault with intent to commit a felony (Pen. Code, § 220, subd. (a)(1); count 1)[1]; sexual penetration by use of force (§ 289, subd. (a)(1)(A); count 2); and attempted forcible rape (§§ 261, subd. (a)(2), 664; count 3). As to count 1, the People alleged Loera "unlawfully assault[ed] Antonia Doe [Doe] with the intent to commit rape, sodomy, oral copulation and a violation of sections 264.1, 288 and 289." As to count 2, the People alleged Loera "committed an act of sexual penetration against the will of [Doe] by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury." As to count 3, the People alleged Lara "unlawfully attempt[ed] to have and accomplish an act of sexual intercourse" with Doe against her will. As to all three counts, the information alleged six aggravating factors within the meaning of California Rules of Court, rule 4.421(a)(1), (a)(3), (b)(1), (b)(2), and (b)(5), and rule 4.408.

Loera filed a brief arguing the three counts charged amounted to a single criminal act of attempted rape, and thus he

---

[1]     Undesignated statutory references are to the Penal Code.

could not be sentenced consecutively on the three counts under section 654, which proscribes the imposition of double punishment for multiple crimes based on the same act or acts committed during a " 'course of conduct deemed to be indivisible in time.' " (*People v. Hicks* (1993) 6 Cal.4th 784, 788-789.)  He contended his maximum sentencing exposure was eight years.

The People submitted a brief arguing the court had the discretion to sentence Loera to full-term, consecutive sentences for counts 1 and 2 under section 667.6, subdivision (c), because those two counts were for separate violent sex offenses that fell within section 667.6, subdivision (e).  (See *People v. Hicks, supra,* 6 Cal.4th at p. 791 [holding the Legislature, "by enacting section 667.6, [subdivision] (c), . . . created an exception to section 654's prohibition against multiple punishment for separate acts committed during an indivisible course of conduct"].)  The People argued the crime of assault with intent to commit rape (count 1) was completed when Loera wrapped his arms around the victim and pushed her towards the backseat of the car while stating his intention of raping and killing her.  In contrast, the crime of sexual penetration by use of force (count 2) occurred when Loera and the victim were in the backseat of the vehicle and Loera digitally penetrated her.  The People asserted the maximum total sentence was 16 years.

The trial court agreed that counts 1 and 2 concerned two separate acts and thus section 667.6, subdivision (c), applied, such that Loera could be sentenced to full, consecutive terms on counts 1 and 2.  Following advisement and waiver of his constitutional rights, Loera, represented by counsel, pleaded no contest to all three counts and admitted all six aggravating factors.  The trial court accepted Loera's plea and admissions.

The court sentenced Loera to eight years in state prison, consisting of the six-year middle term on count 2 and the two-year lower term on count 1, imposed consecutively pursuant to section 667.6, subdivision (c).  The court imposed the middle term of six years as to count 3, but stayed the term under section 654.  The court ordered a 10-year criminal protective order protecting Doe, and ordered Loera to register as a sex offender under section 290 and undergo HIV testing under section 1202.1.

Loera filed a timely notice of appeal, challenging only his sentence.  (Cal. Rules of Court, rule 8.304(2)(B).)

## DISCUSSION

After reviewing the record, counsel for Loera filed an opening brief raising no issues.  On April 15, 2024 counsel informed Loera that she would be filing a *Wende* brief, and sent Loera the record on appeal and a copy of the brief.  Counsel also informed Loera that he could file a supplemental brief.  On April 15, 2024, this court sent Loera a notice that he may file a supplemental brief or letter within 30 days of the notice stating any grounds for an appeal, or contentions, or arguments that he wished for this court to consider.  We have not received a response.

We have examined the record and are satisfied that appellate counsel for Loera has complied with her responsibilities and that there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra,* 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment, to state count 1 is a conviction for assault with intent to commit rape, not mayhem,

and to clarify the sentence on count 2 is imposed under section 667.6, subdivision (c).  The trial court is directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


STONE, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.